## DOCK THOMAS v. STATE.

No. A-3721.  Opinion Filed Aug. 3, 1921.
Rehearing Denied Nov. 19, 1921.
(201 Pac. 662.)

(Syllabus.)

1. Appeal and Error—Discretion of Trial Court—Indorsement of Additional Witnesses. In felony cases, less than capital, the names of additional witnesses may be indorsed on an information at any time, within the discretion of the court, and this discretion will not be reviewed upon appeal, unless the record shows it was abused.

2.    **Appeal and Error — Evidence Sustaining Conviction.** Where there is substantial evidence to support the verdict of conviction, and the record discloses no indication that the conclusions reached were the result of passion or prejudice, such verdict will not be disturbed on appeal.

3.    **Larceny—Evidence Sustaining Conviction.** Evidence held sufficient to sustain a conviction for the larceny of domestic animals.

Appeal from District Court, McCurtain County.

Dock Thomas was convicted of cattle theft, and appeals. Affirmed.

Jeff D. McLendon, for plaintiff in error.

The Attorney General and W. C. Hall, Asst. Atty. Gen., for the State.

DOYLE, P. J.    This appeal is from a judgment of the district court of McCurtain county, rendered upon a verdict finding defendant, Dock Thomas, guilty as charged in information, and fixing his punishment at imprisonment in the penitentiary for a term of five years.    The information jointly charged Dock Thomas and Joe Melson with the larceny of two certain bull yearlings, the personal property of one Tobe Phillips.    The record shows that the defendant Melson died before the case was called for trial.

The errors assigned are that the verdict was contrary to the law and the evidence, and that the court erred in permitting the county attorney to indorse the name of an additional witnesses on the information when the case was called for trial.    The defendant is not represented by counsel in this court; however, we have carefully read and examined the entire record.    The state relied for this conviction upon the testimony of the alleged owner and four or five other witnesses, showing that on the date alleged Tobe Phillips, living four or five miles north of Heworth, in McCurtain county, was

the owner of two bull yearlings, one a deep red and the other a red roan, both without marks or brands; that two or three weeks after he missed them they were found in the possession of the defendant, Dock Thomas, in a pasture on what is known as the cut-off on Red river; that at that time they had been altered, and each had a metal tag on the ear; that the defendant, Dock Thomas, lived about a mile and a half from Tobe Phillips, and well knew that these yearlings were raised and owned by Tobe Phillips.

Other witnesses for the state testified to the identity of the yearlings found in the possession of the defendant as being the property of Tobe Phillips. As a witness in his own behalf Dock Thomas testified that he bought the red yearling from the late Joe Melson his codefendant, and that he raised the other yearling, claimed by Tobe Phillips; that at the time he was associated with Dr. McBrayer in buying cattle, and they had about 100 head in a pasture on the Red river cut-off.

The rule is well settled that in felony cases, less than capital, the names of additional witnesses may be indorsed on an information at any time within the discretion of the court, and this discretion will not be reviewed upon appeal, unless the record shows that it was abused. Star v. State, 9 Okla. Cr. 210, 131 Pac. 542; Hawkins v. State, 7 Okla. Cr. 385, 123 Pac. 1024.

The jury are the exclusive judges of the credibility of witnesses and the weight to be given their testimony, and where there is substantial evidence to support the verdict of conviction, and the record discloses no indication that the conclusions reached were the result of passion or prejudice, such verdict will not be disturbed on appeal.

Upon the record before us, the case was one for the consideration of the jury. The trial was in all respects fair, and

we are unable to find anything in the record to warrant us in interfering with the conviction.

The judgment of the lower court is therefore affirmed.

MATSON and BESSEY, JJ., concur.