## DAVE WALKER v. STATE.

No. A-5258. Opinion Filed Nov. 20, 1926.
(250 Pac. 539.)

Utterback & Stinson, and Minter & McClendon, for plaintiff in error.

Geo. F. Short, Atty. Gen., and Smith C. Matson, Ass't Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was, on a charge of murder, in the district court of Marshall county, convicted for manslaughter in the first degree and sentenced to serve a term of 20 years in the state penitentiary.

A brief summary of the facts developed on the trial are that in the year 1922, the deceased, McAdoo, lived on a farm belonging to defendant, Walker. During the year a dispute had arisen between them over the sale of some whisky in which they were both interested, which dispute apparently had been reconciled, after which defendant loaned McAdoo 3½ sacks of sugar and a barrel. Just prior to the fatal difficulty McAdoo had sold a stalk field on Walker's place for $50 and had not paid Walker, who, as landlord, claimed to be entitled to one-third of that sum. On the day of the homicide defendant went to the house of one Dillard, where McAdoo was, to collect this rent. He asked to see McAdoo, who came out, and they walked a short distance and began arguing about their business matters. In the course of the quarrel defendant drew a pistol and shot deceased in the breast, from which he died almost immediately. Defendant testified substantially as the other witnesses in reference to the quarrel, and, further, that deceased made some motion which made him believe that he was about to draw a

pistol, and that he then drew his pistol and forced deceased to desist. After some further quarreling deceased again made a movement and advanced upon him, and he thereupon struck the arm of the deceased with the pistol, which was thereby accidentally discharged and killed McAdoo.

Defendant contends that the court erred in overruling the challenges to the jurors Adamson and Easley, and in not discharging the jury and declaring a mistrial on defendant's motion made before the conclusion of the trial. On voir dire examination, the juror Adamson stated that he had talked to some of his neighbors who had heard part of the evidence at the preliminary, and from that had formed an opinion which would require evidence to remove. The juror stated further, however, that regardless of what he had heard he would not permit anything other than the evidence on the trial to influence him, and if retained would go into the jury box and render a fair and impartial verdict. The juror Easley stated that he had formed an opinion from rumor, but if selected as a juror that he would decide the case upon the evidence and give both the state and the defendant a fair and impartial trial.

The record is in such shape, however, that we are unable to say that the proceedings disclose prejudicial error. The record does not purport to give the entire examination of these jurors, and we cannot determine whether the omitted part of the examination would have modified materially the statements appearing in the record. Further, the record does not disclose that either of these jurors sat upon the panel that tried the defendant. If they sat upon the panel, it does not appear that the defendant exhausted or in fact used any of the peremptory challenges given him by law. In the trial of a criminal case a defendant is presumed in-

nocent, and this presumption continues with him until it is overcome by competent evidence, beyond a reasonable doubt. When, however, the trial has been completed and the jury has returned its verdict finding a defendant guilty there is then no presumption against the regularity of the proceedings. The presumption then is that the verdict of the jury is right—that the proceedings were regular. The burden is on the defendant on appeal to this court to show affirmatively some error which prejudiced some substantial right; otherwise the judgment of the trial court will be affirmed. Turner v. State, 4 Okla. Cr. 164, 111 P. 988; Colbert v. State, 4 Okla. Cr. 500, 113 P. 558; Warren v. State, 6 Okla. Cr. 1, 115 P. 812, 34 L. R. A. (N. S.) 1121; Beatty v. State, 5 Okla. Cr. 105, 113 P. 237; Killough v. State, 6 Okla. Cr. 311, 118 P. 620; Robbins v. State, 12 Okla. Cr. 294, 155 P. 491.

Complaint is made of the action of the court in overruling the motion to declare a mistrial before the case was finally submitted to the jury, and in overruling the motion for a new trial on account of the disqualification of the juror Roberts. At about the time the arguments of counsel were concluded, defendant filed a motion to declare a mistrial, setting up that this juror prior to the trial had stated in the presence of one Rutledge Harris that if he were on the jury he would convict Walker. An affidavit of Harris to this effect was attached to the motion to declare a mistrial. This motion was overruled, and after verdict the same matter was embodied in the motion for a new trial. The court heard evidence upon this part of the motion. Harris testified that while he was loading cross-ties at Kingston, Roberts said that if he were on the jury he would convict Dave Walker. There was also introduced an affidavit

signed by him to the effect that his affidavit attached to the motion was not read to or read over by him, and that he was not aware of the contents when he signed it. There was also an affidavit from Roberts stating that the Walker case was mentioned in the presence of Harris and one John Woods, but that he did not make a statement that he would convict Walker if he were on the jury, nor words in substance to that effect, and that all the statements made were in the presence of John Woods. Woods when called as a witness testified that he heard a conversation between Roberts and Harris; that one of them was in favor of Walker and the other one was not. He did not recall any of the words said. There were some other affidavits from the attorneys and stenographers as to the statements made at the time of the taking of the different affidavits. On this showing the court overruled the motion for a new trial. Under the showing made we think this was not an abuse of discretion.

It is next argued that the court erred in refusing defendant's requested instruction No. 1. This request was in substance that evidence tending to prove deceased had made threats to do bodily harm to defendant had been introduced and the jury should consider this evidence in connection with all the other evidence in determining who was the probable aggressor in the fatal difficulty. There was some slight evidence that deceased entertained ill will toward defendant and had made some statement that defendant had beat him out of some money and if he found out for sure he would not beat any one else. Threats, either communicated or uncommunicated, are admissible as tending to throw light on who is the probable aggressor in a difficulty, particularly where there is

reasonable appearance of danger, and a court should so instruct in such circumstance. The only evidence relied upon as a threat is that of the witness Burton, as just stated. This, we think, hardly rises to the dignity of a threat, but at best is a mere "mouthing," and in light of the evidence of the eyewitness and that of defendant, the refusal to give the requested instruction is not prejudicial.

Some other assignments of error are discussed in the brief, and, while they are not discussed, have had consideration, and no error which would warrant a reversal appears.

The case is affirmed.

BESSEY, P. J., and DOYLE, J., concur.