## GEORGE ROBNETT v. STATE.

No. A-7926. Opinion Filed April 25, 1931.
Rehearing Denied May 19, 1931.
(299 Pac. 241.)

H. W. Morgan, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J. Plaintiff in error, hereinafter called defendant, was convicted in the district court of King-

fisher county of the crime of larceny of two steers, and his punishment fixed by the court at imprisonment in the state penitentiary for five years.

The evidence of the state, as in most larceny cases, is largely circumstantial. A. P. Williams, a farmer living in Kingfisher county, testified that the two steers in question were kept in a pasture at his home; that the same were stolen on the night of April 30, 1929; that these animals were hauled away in some kind of a motor vehicle, tracks of the car being discovered at the place where the animals were loaded.

On the morning of May 1st, between 6 and 7 o'clock, these stolen animals were sold to a commission house at the Oklahoma City stockyards. The person who sold these animals represented that his name was Frank Wade. That a check was given in payment for the cattle in the name of Frank Wade, and was indorsed "Frank Wade" in the office of the commission company; that, as soon as the bank was open, this check was cashed, the bank requiring the indorsement "Frank Wade" as a further identification; that at about 9 o'clock the commission company learned that the cattle had been stolen and tried to stop payment on the check, but it had already been cashed by the bank. Mr. Savage, the commission company agent, being suspicious of the transaction, had taken the license number of the car, and, on going up on Reno avenue, discovered the car parked in the 500 block; that the car was watched until midnight, and, no one appearing to claim it, it was taken to the police station. On the next morning defendant appeared at the police station to claim the car, giving his name as Ted Wensel, and thereupon was detained by the police and induced to sign the name Frank Wade and his own name, George Robnett, for comparison.

F. B. Finch, foreman of the stockyards company, testified that the defendant was in possession of the car at the time the stolen cattle were unloaded. The agent for the commission firm testified that the defendant was not the man from whom he bought the cattle. The state called two bankers in the city of Kingfisher who qualified as experts in handwriting and testified that in their opinion the defendant had signed the name Frank Wade to the check.

Defendant admitted that he went to Oklahoma City and claimed the car, but claimed that Ted Wensel had agreed to pay him $5 to get his car, and that he had no knowledge that the cattle had been stolen, and had nothing to do with the stealing. He admitted that he wrote the names Frank Wade and George Robnett at the police station upon the blank piece of paper which had been introduced by the state, but denied that he had written the name Frank Wade on the back of the check for the stolen cattle. The defense was an alibi.

It is argued first that this evidence is insufficient to support the verdict of the jury.

We cannot agree with this contention. The jury were not bound to believe the evidence of the defendant and his witnesses that he was in another place, but had a right to believe the evidence of the state. When this evidence is considered in connection with all the facts and circumstances of the case, it is sufficient to support the verdict of the jury.

Defendant next contends that the court erred in permitting the state to indorse the names of Elmer Solomon and Mr. Bingham upon the information after the trial had begun.

It appears from the record that the state had closed its case and the defendant had offered his evidence. Thereupon, the state asked leave to reopen its case and offer the evidence of these witnesses in chief. This permission was granted by the court and is the basis of defendant's complaint.

In felony cases less than capital, the names of additional witnesses may be indorsed upon the information or indictment at any time within the discretion of the court, and this discretion will not be reviewed upon appeal, unless the record shows that it was abused. Bigfeather v. State, 7 Okla. Cr. 364, 123 Pac. 1026; Star v. State, 9 Okla. Cr. 210, 131 Pac. 542; Montgomery v. State, 19 Okla. Cr. 224, 199 Pac. 222; Thomas v. State, 20 Okla. Cr. 151, 201 Pac. 662.

Defendant complains of other errors, but they are all without substantial merit.

The minimum punishment provided by law for an offense of this character is two years. The jury were unable to agree upon the punishment and left the fixing of the same to the court. Under all the facts and circumstances in the case, five years appears to be excessive punishment, and that justice will be done the state and the defendant by reducing the punishment to imprisonment in the state penitentiary for two years.

For the reasons stated, the judgment is modified to imprisonment in the penitentiary for two years, and, as modified, the same is affirmed.

EDWARDS, J., concurs. DAVENPORT, P. J., absent, not participating.