# J. B. RALEIGH v. STATE.

No. A-7777.   Aug. 15, 1931.
Rehearing Denied Nov. 21, 1931.
(4 Pac. [2d] 1078.)

Claud Briggs, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J.   The plaintiff in error, hereinafter called defendant, was convicted in the district court of Latimer county of theft of live stock and was sentenced to serve a term of 4 years in the penitentiary.

The principal contention made is that the district court was without jurisdiction for the reason that no transcript of the magistrate showing a finding of prob-

able cause at the preliminary was ever filed in the district court. When defendant was arraigned in the district court, he filed a motion to quash the information, alleging that the transcript was wholly insufficient to give the district court jurisdiction. This motion was overruled and exceptions saved. The transcript shows the case came on for hearing before a magistrate, both parties announced ready; the complaint read; the state used three witnesses; the defendant waived; the court held defendant for the district court. The transcript does not disclose what offense was charged in the complaint, nor does it show for what offense defendant was held.

Section 2497, Comp. Stat. 1921, is:

"If, however, it appear from the examination that any public offense has been committed, and that there is sufficient cause to believe the defendant guilty thereof, the magistrate must in like manner indorse on the complaint an order signed by him to the following effect: It appearing to me that the offense named in the within complaint mentioned (or any other offense, according to the fact, stating generally the nature thereof), has been committed, and that there is sufficient cause to believe the within named A B guilty thereof, I order that he be held to answer the same."

Section 2509, Comp. St. 1921, is:

"When a magistrate has discharged a defendant, or has held him to answer, he must return immediately to the clerk of the district court of the county, the warrant, if any, the complaint, the depositions, if any have been taken, of all the witnesses examined before him, the statement of the defendant, if he have made one, and all undertakings of bail or for the appearance of witnesses, taken by him, together with a certified record of the proceedings as they appear on his docket."

390

The motion to quash does not allege that the proper order, as required by section 2497, Comp. St. 1921, was not indorsed on the complaint, and does not allege the magistrate failed to transmit the complaint so indorsed to the district court. The statute above quoted does not require that the record of the proceedings shall contain an order holding accused for the district court, but that the order shall be indorsed on the complaint and the complaint transmitted.

The record discloses that a complaint was filed; that a preliminary was held; that the complaint was read to accused at the beginning of the preliminary; that accused was held for the action of the district court. If there is any irregularity in this proceeding or in the order of the magistrate, the burden is on defendant to show it. The presumption is that the trial court correctly overruled the motion to quash. Walker v. State, 35 Okla. Cr. 314, 250 Pac. 539.

Since defendant has not incorporated the complaint and the order of the magistrate thereon in the record and has failed to show affirmatively any error or irregularity in the proceedings, he has failed to sustain the burden of showing error. No other matter requiring discussion is presented in the briefs.

The case is affirmed.

DAVENPORT, P. J., and CHAPPELL, J., concur.