## BOB SIMPSON v. STATE.

No. A-7773.   Oct. 10, 1931.
Rehearing Denied Nov. 6, 1931.
(4 Pac. [2d] 126.)

O. H. Whitt, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J.   Plaintiff in error, hereinafter called defendant, was convicted in the district court of Latimer county of the larceny of live stock, and his punishment fixed by the jury at imprisonment in the state penitentiary for a period of two years.

Defendant was jointly charged with Collin Simpson and Henry Thompson with having stolen from one John L. Lee two head of cattle on the 24th day of May, 1929. Thompson demanded a separate trial, was convicted, and his punishment fixed at imprisonment in the state penitentiary for three years.   Defendant and Collin Simpson were tried together and Collin Simpson acquitted.

The appeal was first lodged in this court on a transcript of the record, defendant contending that the case must be reversed because the district court of Latimer county had refused to order a transcript of the evidence made at the expense of Latimer county.   Upon order of this court, a transcript of the evidence was made and has been examined and considered by the court in reaching its conclusions in this case.

Defendant also contended that the case must be dismissed because the information showed that it had been filed on the 24th day of May, 1929, while the record discloses that the preliminary examination was held on the 16th day of July, 1929, 42 days after the information was filed in the district court.   The Attorney General filed a motion for leave to correct the record to show that the in-

formation was filed on the 19th day of July, 1929, three days after the preliminary examination was held. On the 31st day of July, 1931, this court sustained said motion, and the case-made has been corrected to show the correct filing date of the information.

The defendant next insists that the evidence is insufficient to support the verdict of the jury.

The evidence of the state was that the defendant with his codefendant, Henry Thompson, on or about the 23d day of May, 1929, sold in the city of McAlester two butchered beeves that weighed approximately the same as the head of cattle that John L. Lee had stolen from him about that time; that one of these butchered beeves was a steer and the other a heifer; that a steer and a heifer were stolen from Lee; that Lee's cattle were branded "J. L." on the left hip; that hides bearing this brand were found in Bolen creek, not far from the ranch occupied by defendant; that, when Lee discovered his cattle had been stolen, he made an investigation and found marks where cattle had been roped upon the mountain about a mile from defendant's place, and of being dragged by somebody riding a horse towards defendant's place; that these tracks were followed to within a quarter of a mile of defendant's house; that on Simpson's place there was a tree; that a limb of this tree bore rope marks and showed that cattle had been butchered there; that shortly after this investigation defendant and Thompson were seen back on the road very close to the place where these hides were found; that these hides bore the brand "J. L." on the left hip; and that Lee's cattle were the only ones in the vicinity bearing that brand.

Defendant and Thompson admitted that they took cattle answering this description to McAlester and sold

them at that time, but Thompson contended that these were his own cattle; that he had bought the cattle back in February, 1929, and was paying one Jennings 10 cents per day per head to graze them for him until he wanted them.

In nearly all larceny cases the state must depend altogether on circumstantial evidence. The state rarely catches a thief committing the larceny, but nearly always the thief leaves a trail behind him that can be plainly followed, circumstance by circumstance, and these circumstances will fit together in such a manner as to show conclusively the thief's guilt.

There was a conflict in the evidence. The jury, as they had a right to do, rejected the story of Thompson and believed the evidence of the state.

The evidence being sufficient to support the verdict of the jury, the trial court did not err in overruling defendant's demurrer on the same and his motion for a new trial on the ground that the evidence is insufficient to support the verdict of the jury.

It is further contended that the trial court erred in permitting the state, after the trial had begun, to indorse on the information the name of Chester Adams as a witness to be used by the state.

This witness was not produced at the preliminary examination. An examination of his testimony will disclose that he did not tell anybody what he knew about the case until after the preliminary examination and only a short time before the trial was had. It further appears that the failure to indorse the name of this witness on the information prior to or at the beginning of the trial was due to an oversight and not an intentional

concealment of the name of the witness nor of the evidence he would probably give.

This court has repeatedly held: "In felony cases less than capital the names of additional witnesses may be indorsed on an information or indictment at any time within the discretion of the court, and this discretion will not be reviewed upon appeal unless the record shows that it was abused." Hawkins v. State, 7 Okla. Cr. 385, 123 Pac. 1024; Montgomery v. State, 19 Okla. Cr. 224, 199 Pac. 222; Robnett v. State, 51 Okla. Cr. 33, 299 Pac. 241.

It appears from the record that the court properly permitted the county attorney to indorse the name of this witness on the information after the trial had begun.

Defendant complains of other errors, but they are not of sufficient merit to require a separate discussion in this opinion.

For the reasons stated, the cause is affirmed.

DAVENPORT, P. J., and EDWARDS, J., concur.