## HENRY THOMPSON v. STATE.

No. A-7775.   Nov. 21, 1931.
(5 Pac. [2d] 398.)

J. M. Roberts, O. H. Whitt, and G. B. Mitchell, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J.   The plaintiff in error, hereinafter called defendant, was convicted in the district court of Latimer county of the theft of live stock, and his punishment fixed at imprisonment in the penitentiary for a term of three years.

Defendant was jointly charged with Bob Simpson. A severance was had, and Simpson was convicted and appealed to this court, and judgment was affirmed. Simpson v. State, 52 Okla. Cr. 311, 4 Pac. (2d) 126.

The first contention is that the court erred in overruling the demurrer to the information on the ground that defendant had not had nor waived a preliminary examination for the charge upon which he was tried. Defendant in the preliminary complaint before the magistrate was charged with the larceny of live stock. A preliminary examination was had.

The record of the proceedings before the magistrate is incorporated in the case-made, but not the order of the magistrate to hold defendant for the district court. This record of proceedings states in substance that defendants are charged with the larceny of domestic animals, and that the magistrate, after hearing all the evidence, and on consideration, finds from the evidence that there is sufficient cause to believe defendant guilty as charged in the information, and orders them held for the crime of grand larceny. The record of proceedings clearly shows that the magistrate used the words "grand larceny" as equivalent to a "larceny of domestic animals." It was not necessary that the magistrate incorporate his order holding defendant in the record of the proceedings provided for by section 2509, Comp. Stat. 1921. The order to hold defendant should be indorsed on the complaint. Section 2497, Comp. Stat. 1921. There is no showing that the order was not properly indorsed on the complaint. The presumption is that it was correctly indorsed thereon. Raleigh v. State, 52 Okla. Cr. 388, 4 Pac. (2d) 1078.

It is argued at some length that the court erred in overruling defendant's motion and amended motion for

a continuance. The motion is based on the absence of three of the material witnesses. One of the witnesses appeared and testified. The application does not disclose with certainty the place of residence of the other two witnesses, or that there is any likelihood that defendant would be able to procure their attendance at a subsequent term. The supplemental application sets out that J. M. Roberts, attorney for defendant, is ill with "flu," and unable to assist in the trial. This is supported by an affidavit of a physician who states that said attorney "is under his care and treatment and suffering from influenza and that he is not now and will not be for several days able to participate in the trial of any case in court, that to do so would injure his physical system." This physician's affidavit was made on September 24th. The trial was on September 28th. Defendant at that time made a further affidavit that his attorney was unable to be present. On the 26th, the court appointed G. B. Mitchell, a member of the bar of Latimer county, to conduct the defense; he did so very ably. Under the holding of this court in Anderson v. State, 21 Okla. Cr. 177, 204 Pac. 132, and authorities therein cited, there was no abuse of discretion in denying the application.

Upon a consideration of the entire record, we are convinced defendant had a fair trial, and that the record is free from material error.

The case is affirmed.

DAVENPORT, P. J., concurs. CHAPPELL, J., not participating.