William Dean BLAKE, Plaintiff-in-Error,

v.

The STATE of Oklahoma, Defendant-in-Error.

No. A–13190.

Court of Criminal Appeals of Oklahoma.

Sept. 26, 1962.

Carl W. Longmire, Pryor, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Ass't Atty. Gen., for defendant in error.

BRETT, Judge.

William Dean Blake was charged in the district court of Mayes County, Oklahoma with the crime of burglary, second degree, under 21 O.S.1951 § 1435; was tried by a jury, found guilty and his punishment left to the court. The court sentenced him to serve seven years in the state penitentiary. Appeal has been perfected to this court.

In his motion for new trial the defendant sets out six assignments of error, and the same assignments appear in the petition in error. However, in his brief for reversal defendant urges only three of these assignments, which we shall consider in the order argued.

Complaint was filed in the county court of Mayes County on December 2, 1960, charging the defendant and another with the crime of burglary in the second degree, by breaking and entering, in the night time, on August 31, 1960, the drug store of one Derby Lee in the town of Adair, Mayes County, Oklahoma.

This defendant was apprehended in Laport, Indiana on December 22, 1960, waived extradition and was returned to Mayes County on March 17, 1961 and placed in the county jail. There is no explanation of the delay.

Preliminary hearing was held on March 28, 1961, the county judge sitting as an examining magistrate, and defendant was bound over to the district court. Bail was set at $3000.

Information was filed in the district court April 6, 1961. The minutes of the court show that J. Ralph Moore was appointed to represent the defendant, who entered a plea of not guilty, and defendant's bond was fixed at $2500.

The case was assigned for trial in the district court, and on June 8, 1961 the defendant filed a motion for continuance, on the ground that he could not proceed to trial at that time, and asked that the case be stricken until the next jury term. The motion was granted.

The case was assigned for trial for October 23, 1961, the next term of court, and on that date defendant filed an application to have the case dismissed for delay. This motion was overruled and the case tried on that date.

The state introduced four witnesses, as did the defendant.

Derby Lee owned and operated a drug store in the town of Adair, and his wife Charlie Lee, who testified that she was a pharmacist, assisted in the operation of the store. The store had been burglarized a number of times, and a burglar alarm system had been installed, whereby an alarm sounded in the home of the Lees, about two blocks from the drug store.

On the night in question the alarm sounded at 3 a. m., and Mr. and Mrs. Lee immediately went to the drug store. They both

testified to seeing two men in the store, and when Mr. Lee shouted for them to throw up their hands, they ran out the back door. The burglars had entered by breaking the glass in the rear door, reaching in and turning the lock. Both Mr. and Mrs. Lee identified the defendant as one of the men in the store, and the one nearest the front door, only a few feet from them. There was a car with an Indiana license plate parked near the store headed toward the highway, and when the men ran out the back door Mrs. Lee took up a position in front of the automobile. Before leaving home the Lees telephoned a neighbor, across the street from the drug store, and asked him to call the sheriff, and the sheriff arrived on the scene in about ten minutes.

The two men made good their escape, and the sheriff took charge of the automobile and had it towed to Pryor, county seat of Mayes County. There were two suit cases in the car, one full of clothing, and the other containing a small amount of clothing. Part of the clothing had the defendant's name stamped on it. The automobile had two license plates, one bolted over the other. The sheriff, through the highway department learned that one of the tags had been issued for a 1955 Ford, and the other to the defendant for a Chevrolet.

The suit cases were placed in the vault at the sheriff's office, and after the defendant was returned to Mayes County in March, 1961, the sheriff permitted him to remove part of the clothing, some of which he later wore, and some he sold to get money for cigarettes.

The defendant testified in his own behalf; stated that he had served 9 years and 6 months in the Indiana Reformatory; that he had a "record" in and around his home town of Laport and could not get work there; that he and his co-defendant James Walter Howard and one Thomas Payne left Laport together to go to Albuquerque, New Mexico to look for work. That the car they were driving belonged to a Lou Ann Blakeman of Laport; that he remembered being in a tavern in Missouri but did not know when they left; that he was drunk and asleep on the back seat of the car when he was aroused by a shot. He stated, "In fact we had been drunk for the last 30 days." He testified he got out of the car, hid by the side of a building and finally made his way to the highway and hitch hiked back to Laport. He denied ever being in the Lee Drug store; stated that he had never heard of the town of Adair until he was back in jail in Pryor.

The defendant's first contention is that the court erred in overruling defendant's motion to remand to the county court for another preliminary hearing. He cites Art. 2, § 17 of the Oklahoma Constitution, and the statute, 22 O.S.1951 § 258.

The Constitution provides that no person shall be prosecuted for a felony by information without having had a preliminary examination before an examining magistrate, or having waived such preliminary examination; and Title 22 O.S.1951 § 258 provides, among other things:

"On the request of the county attorney, or the defendant, all the testimony [at a preliminary hearing] must be reduced to writing in the form of questions and answers and signed by the witnesses, or the same may be taken in shorthand and transcribed without signing, and in both cases filed with the clerk of the district court, by the examining magistrate."

It will be seen from this law vitalizing this provision of our Constitution that it is not jurisdictional that the testimony be reduced to writing, unless either the county attorney or the defendant request it. There is no showing in the record that request was made by either the county attorney or the defendant that the testimony be taken, or that it was taken. A transcript of the proceedings had in the county court, with the exception of the testimony, was duly filed in the district court. The defendant was present in court at the preliminary hearing on March 28, 1961, and entered a plea of not guilty.

On September 15, 1961, J. Ralph Moore filed a motion for leave to withdraw as attorney, stating: "The defendant refuses to confer with this attorney concerning his defense, by reason whereof this attorney can not further represent the defendant." He was permitted to withdraw, and the present attorney, Carl W. Longmire, was on the same day appointed to represent the defendant.

On the day of his appointment Mr. Longmire filed an application for a transcript of the preliminary hearing, and the district court ordered the county court reporter to furnish the defendant with a typewritten copy of the transcript of the preliminary proceedings.

Thereafter and on September 28, 1961 the attorney for defendant filed a motion to have the case remanded to the county court for another preliminary hearing, stating, "That said transcript has been misplaced, lost or destroyed and it is impossible to obtain the transcript." He does not say that the testimony was taken, and if so does not say who lost it, or why they could not get another.

There is no question but that the defendant was given a preliminary hearing before the examining magistrate, or that he was present and entered a plea of not guilty. It further appears that the committing magistrate made the statutory endorsement on the complaint, holding the accused to answer for the alleged offense. Thompson v. State, 52 Okl.Cr. 365, 5 P.2d 398.

On the same day that the defendant filed his motion to have the case remanded, he filed an application for immediate jury trial, giving as his reason that the defendant was unable to make bond. If the accused wished to attack the information or magistrate's proceedings, he should have followed the rule laid down in Sparks v. State, 71 Okl.Cr. 430, 112 P.2d 434, syllabus 1 and 2 providing:

"Where one is charged in the district court by information, and desires to raise the question of not having had a preliminary examination, or question a defect in the transcript of the justice of the peace, this should be done by a plea in abatement, or by motion to quash the information.

"Where a defendant voluntarily enters a plea of guilty, or enters a plea of not guilty, and goes to trial, he will be deemed to have waived any right he may have had to question the fact that he did not have such preliminary examination, or that the transcript filed by the justice of the peace in the district court is insufficient."

In Muldrow v. State, 16 Okl.Cr. 549, 185 P. 332, this court said:

"If the defendant upon arraignment pleads to the merits and enters on the trial, he waives the right to preliminary examination, or, if one was held, any irregularities therein."

We are of the opinion that the proof made by the defendant is insufficient to show error of the district court in refusing to remand the case to the committing magistrate for another preliminary hearing.

The defendant's second contention is that the district court erred in overruling defendant's motion to dismiss for delay. Defendant cites the Constitution of the United States, the Oklahoma Constitution and Title 22 O.S.1951 § 812, and the case of In re Gregory, Okl.Cr., 309 P.2d 1083 in support of his contention.

The constitution, art. 2, § 6 provides, among other things, that right and justice shall be administered without delay, and that in all criminal prosecutions the accused shall have the right to a speedy trial.

Title 22 O.S.1951 § 812 reads:

"If a defendant, prosecuted for a public offense, whose trial has not been postponed upon his application, is not brought to trial at the next term of court in which the indictment or information is triable after it is filed, the court must order the prosecution to be dismissed, unless good cause to the contrary be shown."

There are two terms of district court in Oklahoma, to-wit: January, which commences on the first Monday in January and continues until the day preceding the first Monday in July; and the July term which commences on the first Monday in July and continues until the day preceding the first Monday in January. 20 O.S.1951 § 95; Ex parte Ward, 97 Okl.Cr. 60, 257 P.2d 1099 (certiorari denied 346 U.S. 879, 74 S.Ct. 133, 98 L.Ed. 386); In re Hayes, Okl.Cr., 301 P.2d 701.

In the Gregory case, supra, cited by defendant, there had been a delay of 16 months, during which defendant had made numerous attempts to secure trial, without delay on his part by motion for continuance, or otherwise. Hence, the Gregory case is not in point herein.

We therefore conclude that the trial court did not err in overruling defendant's motion to dismiss.

■ Defendant's third proposition is that the judgment and sentence is excessive; that the sentence should be modified to two years, the defendant given credit for jail time and good behavior, and released from the penitentiary.

The penalty for robbery in the second degree, as provided in 21 O.S.1951 § 1436 is not to exceed seven years in the penitentiary. We do not consider this judgment and sentence excessive.

■ As to defendant being given credit for the time he spent in the county jail, 57 O.S.1961 § 138 provides:

"* * * All inmates serving their first term with a good conduct record and who have no infraction of the rules and regulations of the penal institution, shall be allowed as a deduction from his term of imprisonment the jail term, if any, served prior to being received at the penal institution. * * *"

Under this rule, this defendant would not be entitled to credit for the time spent in the county jail prior to sentence, since his criminal record shows prior convictions, including an escape from the Indiana Reformatory. In fact, we are of the opinion that the defendant has received leniency from the state of Oklahoma. Especially is this true in view of the fact that the accused might have been charged as a second and subsequent offender and required to serve a minimum of ten years. 21 O.S.1951 § 51. We are of the opinion that the trial court so reasoned in sentencing the defendant to a term of seven years. This defendant testified that he had served 9 years and six months in the State Reformatory of Indiana on a charge of illegal taking and second degree burglary. The record shows that he was born in 1928, and was sentenced in Indiana in 1948. Hence he was not a juvenile, but was 20 years of age at the time, and is now 34 years old.

The judgment and sentence of the district court of Mayes County is affirmed.

NIX, P. J., and BUSSEY, J., concur.