**DeRay Leon WILLIAMS, Appellant,**

**v.**

**The STATE of Oklahoma, Appellee.**

**No. A–17479.**

Court of Criminal Appeals of Oklahoma.

April 25, 1973.

Curtis A. Parks and Thomas W. Whalen, Tulsa, for appellant.

Larry Derryberry, Atty. Gen., Nathan J. Gigger, Asst. Atty. Gen., for appellee.

## OPINION

BRETT, Judge:

Appellant, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Tulsa County, Case No. CRF–71–1300, of the crime of Grand Larceny, After Former Conviction of a Felony. He was sentenced to five and one-half (5½) years in the state penitentiary. From this conviction and sentence, a timely appeal has been perfected to this Court.

At approximately 3:30 a. m., September 23, 1971, a car with four passengers pulled into Chuck's Champlin Filling Station in Tulsa, Oklahoma. Defendant was one of the passengers. The driver of the car requested attendant, Mike Davis, to check the oil; and defendant entered the filling station office. Before Mr. Davis had finished checking the oil, he heard the cash register drawer close in the office, about fifteen or twenty feet away. When he looked up, he saw defendant walking out of the office. Mr. Davis testified that although he did not see the defendant take the money, he was sure that he heard the cash register close.

After leaving the office, defendant walked over to the car of Mike Davis and started looking at the engine. Davis followed him and when he was several feet away from the defendant he saw something green in defendant's hand, which he testified was definitely money. Davis testified that he asked defendant what was in his hand, and defendant said "Nothing", put his hand into his pocket and said, "You want some shit?".

Defendant walked over to the car in which he arrived and told his friends that the attendant thought he had robbed the station. The attendant testified that he then searched the defendant's front pocket, but the defendant testified that both his right front and right back pockets were searched. No money was found, so the four people got into the car and left.

The attendant then went into the office, checked the register, and found that some tens were missing. He could not, however, testify as to exactly how much money was missing. After determining that some money was missing, Davis called the owner who immediately came to the station.

The owner took a meter reading, counted the money, and determined that a little over Forty-one Dollars ($41.00) was missing.

Defendant and his companions were stopped some twenty minutes later by Police Officer Orndorf. The time was approximately 3:55 a.m. The occupants were ordered to get out of the car, and after another officer arrived, one of the girls walked over to the defendant and was observed throwing some money into the water along the street curb. The officers found a five dollar bill in the gutter near the girl, a one dollar bill in her hand, and later another five dollar bill and two more one dollar bills were found in the water. The car was searched but no other money was found.

Defendant testified in his own behalf and stated that he had not stolen any money, but that he had borrowed about Seven or Eight Dollars from his mother about 3:50 a.m. that same morning. This was corroborated by the testimony of defendant's mother and grandmother. Defendant also testified that he did not have any money in his hand at the filling station, that he did not ask Mr. Davis if he wanted "any shit," and that he did not see his female companion throw any money into the water after the police stopped them.

The defendant's first proposition is that the evidence is not sufficient to support the verdict.

In Ferrell v. State, Okl.Cr., 475 P.2d 825, this Court stated:

"* * * [T]his court has consistently held that where there is competent evidence in the record from which the jury could reasonable conclude the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence and determine the facts. * * *"

See also Music v. State, Okl.Cr., 396 P.2d 894 and Hudson v. State, Okl.Cr., 399 P.2d 296.

In the case at bar there was conflicting evidence on such things as how much money was in the cash register, how far away the attendant was from the office when he heard the cash register drawer shut, which pockets of the defendant the attendant searched, and other less relevant facts. Counsel for defendant asserts that due to these inconsistencies the conviction cannot be upheld. We must agree that there was some inconsistent testimony, but the jury heard the testimony and had an opportunity to observe the witnesses and judge their credibility. This Court is not in a position to do that; so because of the facts established herein and in line with the above cited cases, we refuse to weigh the evidence and assume the responsibility of the jury.

Defendant's next proposition is that the State did not prove that the defendant committed the crime of Grand Larceny.

The Oklahoma law states that to constitute Grand Larceny the property taken must be of value exceeding Twenty Dollars ($20.00). Defense counsel asserts that the State did not sufficiently establish that defendant took over Twenty Dollars.

There was no testimony as to exactly how much money was taken because the attendant was not certain how much money was in the cash register. He did testify, however, that immediately before defendant and his companions arrived he had put several dollars in the cash register; and at that time there was approximately Fifty Dollars ($50.00) in it.

The owner of the filling station testified that when he arrived at the scene he made a meter reading and counted the cash on hand. He was able to determine that a little over Forty-one Dollars ($41.00) was missing.

From the circumstantial evidence, it can be established that more than Twenty Dollars was taken.

Although the evidence is conflicting, this Court will not attempt to substitute its judgment for that of the jury and the trial judge. After hearing and seeing the witnesses, both were in a better position to determine the issues than is this appellate court. The weight of the evidence and the credibility of the witnesses are for the jury. Edwards v. State, 87 Okl.Cr. 399, 198 P.2d 656.

The defendant's next proposition is that he was denied the right to trial by an impartial jury.

Defendant contends that selecting jurors from tax lists as prescribed by 38 O.S.1971, § 18, is unconstitutional. However, counsel did not properly preserve this error, so it cannot be heard by this Court on appeal. Counsel made no motion to quash the jury panel, nor did he in any way object to the empaneling of the jury. In Wolfchief v. State, Okl.Cr., 461 P.2d 949, this Court stated:

" 'In order to properly preserve alleged errors in calling jury panel, Motion to Quash must be filed prior to empaneling of jury, called to the attention of the court, hearing held thereon and exceptions taken to the ruling of the court. When this is not done no question is presented on this issue for review on appeal.' "

Even if defendant had followed the proper procedure, thereby preserving the alleged error for review on appeal, we believe this contention is not sustained by the record.

In McKinnon v. State, Okl.Cr., 299 P.2d 535, this Court stated in the first paragraph of the Syllabus:

"To entitle a defendant to successfully challenge a panel of jurors, the burden is upon the defendant to show that the wrong complained of is such as to have caused the defendant to suffer material prejudice."

See also Taylor v. State, 95 Okl.Cr. 98, 240 P.2d 803.

In the case at bar, the defendant did not show how he was prejudiced by the selection of this jury panel, and after searching the record we find no material prejudice was shown.

Since the defendant did not properly preserve the alleged error and did not show any material prejudice, this contention cannot be sustained.

Defendant's last proposition is that the punishment is excessive.

Counsel contends that statements made by the prosecuting attorney throughout the trial and especially during closing argument inflamed the jury causing them to assess a greater amount of punishment than it would otherwise have imposed. He therefore requests that the sentence be modified.

In Johnson v. State, Okl.Cr., 386 P.2d 336, This Court stated:

"In numerous decisions this court has adhered to the rule that the question of excessiveness of punishment must be determined by a study of all the facts and circumstances in each particular case, and that this Court does not have the power to modify a sentence unless we can conscientiously say that under all facts and circumstances the sentence is so excessive as to shock the conscience of the Court. * * *"

A review of the entire record in this case shows that the facts and circumstances justify the sentence that was given. Defendant received a sentence of five and one-half (5½) years when the maximum sentence for Grand Larceny, After Former Conviction of a Felony is ten (10) years. This verdict, which is clearly within the range provided by law, indicates that prejudice, based on the prosecutor's remarks, was not present in the jury's determination of the sentence.

For the above-mentioned reasons, this conviction is affirmed.