Alex GLOVER, Jr., Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–73–457.

Court of Criminal Appeals of Oklahoma.

June 28, 1974.

Kenneth Butler, Okmulgee, for appellant.

Larry Derryberry, Atty. Gen., Michael Jackson, Asst. Atty. Gen., for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Alex Glover, Jr., hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Okmulgee County, for the crime of Grand Larceny, After Conviction of a Felony; his punishment was assessed at three (3) years imprisonment, and from said judgment and sentence a timely appeal has been perfected to this Court.

The evidence adduced at trial is essentially as follows:

The first witness for the State, Danny Colombin, Jr., testified that on the 16th day of August, 1972, he was working in a D–X service station owned by one Miles Howell and located in the City of Okmulgee, Okmulgee County, Oklahoma. On the day in question, he had asked a friend, David Stroup, to assist him in operating the station. At approximately 11:00 a. m. the defendant, Alex Glover, Jr., appeared at the station and requested that they check

his transmission fluid. After determining that the transmission needed fluid, David Stroup was followed by defendant into the station to get the fluid. Mr. Columbin then testified that after pouring the fluid into the car, he found defendant standing in doorway leading to the grease rack of the station. Mr. Colombin also testified that immidiately prior to defendant's entering the station, another car had pulled in and the driver had purchased gas. When he had put the money into the cash register, he noticed the most numerous amount of bills were one dollar bills. Later, when Mr. Colombin rang up the amount on the cash register upon defendant's departure, he noticed money was missing from the register at which time he noted the license number of defendant's vehicle and notified the police of the incident.

Mr. Colombin and Mr. Stroup both testified that they were not aware of anyone else being present at the service station other than the defendant. Mr. Combin stated on cross-examination, that he did not see defendant enter the service station and that he could not see inside the station or all entrances to the station during the time he was supplying defendant's vehicle with transmission fluid, as the car was parked in a southeasterly direction such that they were unable to see defendant within the station.

David Stroup, on direct examination, testified that defendant followed him into the station, but did not follow him out of the station. Both men testified as to the noise of a nearby filling station which prevented them from hearing the cash register bell ring when the drawer was opened.

Mr. Miles Howell then testified that he was the owner of the D–X station which employed Danny Colombin and David Stroup. On August 16, 1972, shortly after 11:00 a. m., he went to the station and determined that $89.50 was missing from the cash register. He further testified that he did not give anyone permission to take the missing money.

Officer Archie Finley testified that he received the report on defendant's vehicle, whereupon he stopped defendant. After arresting him, he was taken to the police station where he emptied his pockets. Either $112.00 or $113.00 was found of which 40 or 45 of the bills were $1.00 in denomination. The State then rested.

After demurring to the State's evidence, the defendant testified that he was standing beside the two young men while they were putting transmission fluid into his vehicle and denied taking the money from the cash register. Also, he stated that he had previous convictions for the crimes of Armed Robbery and Larceny from a Person.

On rebuttal, the State then recalled Danny Colombin and David Stroup, both of whom testified that defendant was not within their sight while the transmission fluid was being put into the car.

▋ The defendant's first proposition urges essentially that in the State's closing argument the prosecuting attorney made disparaging remarks concerning defense counsel, which were prejudicial to the rights of the defendant. The defense counsel, Mr. Butler, raises as prejudicial error, parts of the prosecuting attorney's closing argument; however, he fails to designate in the record either the State's closing argument, or his own closing argument. Since the record does not disclose Mr. Butler's closing remarks, it is impossible to determine whether the remarks of the prosecuting attorney, now complained of, were invited or provoked by defense counsel's closing argument. In Cody v. State, Okl.Cr., 376 P.2d 625, 630 (1962), the Court followed the rule in Grimes v. State, Okl.Cr., 365 P.2d 739, by stating:

" 'Ordinarily error cannot be predicated upon mere unexplained excerpts from the remarks of counsel to the jury. Enough must appear of record to advise the appellate court of what preceded the alleged objectionable remarks and their meaning to be deduced from the context,

and whether or not they were invited or provoked by remarks made by opposing counsel.' "

Counsel for defendant points out various statements made by the prosecuting attorney during the closing argument. One of these statements which the defense claims was highly prejudicial to defendant is as follows:

"We want you to consider everything that was testimony from that witness stand and not what Mr. Butler testified to. He's done more testifying than all of the witnesses put together since this lawsuit has started and when he testified that we don't want or don't think you can find this Defendant guilty on the testimony and evidence we've put on there, well he's point blank wrong, again because we expect a verdict of guilty and if we didn't we wouldn't be wasting your twelve (12) good peoples time."

Upon careful examination of this closing argument although the prosecuting attorney may have erroneously used the work "testifying," as the Court stated, the jury probably did not mistake the remarks of counsel. But again, since defense counsel did not designate in the record his own closing argument, he cannot allege error on the prosecuting attorney's remarks alone.

■ Even if he had designated his argument in the record the remarks must be found to be manifestly prejudicial to defendant before this Court would be justified in modifying or reversing the conviction. In Battles v. State, Okl.Cr., 478 P.2d 1005, the Syllabus by the Court stated:

"The right of argument contemplates a liberal freedom of speech, and the range of discussion, illustration and argumentation is wide. Counsel for both the State and the defendant have a right to discuss fully from their standpoints the evidence and the inferences and deductions arising therefrom. It is only when argument by counsel for the State is grossly improper and unwarranted upon some point which may have affected defend-

ant's right that a reversal can be based on improper argument."

In this case the Court held that statements of incompetent or immaterial matters in the prosecution's opening statement does not give grounds for reversal unless it appears the statements were manifestly prejudicial. See Woods v. State, Okl.Cr., 440 P.2d 994 (1968); Akins v. State, 91 Okl.Cr. 47, 215 P.2d 569 (1950).

■ The prosecutor also has the right, during the closing argument, to draw reasonable inferences and discuss evidence from his standpoint. Such reasonable comments made by the prosecutor have repeatedly been upheld by this Court. See Carr v. State, Okl.Cr., 514 P.2d 413 (1973); Pickens v. State, Okl.Cr., 450 P.2d 837 (1969); Valenti v. State, Okl.Cr., 392 P.2d 59 (1964). We do not feel the prosecutor's remarks were prejudicial to the rights of defendant, and find this assignment of error to be without merit.

The defense next urges that the conflicting nature of the State's circumstantial evidence was insufficient to support a verdict of guilty, so that his Demurrer to the evidence should have been sustained. Defendant contends that the conflicting testimony between defendant and witnesses Colombin and Stroup was insufficient to support the defendant's conviction for the crime of Grand Larceny, After Former Conviction of a Felony.

■ . The conflicting testimony between the defendant and witnesses merely raised a question of fact to be determined by the jury. In Williams v. State, Okl.Cr., 509 P.2d 681 (1973), the defendant was convicted of Grand Larceny, After Former Conviction of a Felony. The Court held that evidence sustained a conviction of Grand Larceny based on taking more than $20.00 from the cash register of a filling station. Some inconsistent testimony was also found in this case. This Court held:

"Although the evidence is conflicting, this Court will not attempt to substitute its judgment for that of the jury and the trial judge. After hearing and seeing

the witnesses; both were in a better position to determine the issues than in this appellate court. The weight of the evidence and the credibility of the witnesses are for the jury. Edwards v. State, 87 Okl.Cr. 399, 198 P.2d 656."

Thus, such conflicting testimony was to be determined by the jury; being so determined, this Court will not change the decision of the jury.

■ This Court has also held that circumstantial evidence is sufficient to sustain a conviction for Larceny, for in most Larceny cases the State must depend on circumstantial evidence since the State rarely catches the thief committing the larceny. See Jackson v. State, 10 Okl.Cr. 525, 139 P. 324 (1914); Simpson v. State, 52 Okl. Cr. 311, 4 P.2d 126 (1939); Girdner v. State, Okl.Cr., 508 P.2d 683 (1973).

■ Where there is any evidence upon which a verdict can be based, the same will not be disturbed on appeal. In Byrne v. State, Okl.Cr., 482 P.2d 620 (1971), the defendant had been charged with the crime of Second Degree Burglary, After Former Conviction of a Felony. On appeal defendant objected to the sufficiency of the evidence in the same manner as in the present case. In upholding the trial court's ruling this Court stated:

"Next defendant contends that the court erred in not sustaining the defendant's demurrer to the evidence in that the evidence was insufficient to support the conviction. It is quite true that evidence raising a mere suspicion is insufficient and without more, a demurrer to the evidence should be sustained. . . . Where there is any competent evidence reasonably tending to sustain the allegations of the charge, the trial court should not sustain a demurrer to the evidence."

The State presented testimony showing the defendant was not within the sight of the employees of the D–X service station during the time the money was taken from the cash register; that the money was in the cash register immediately before defendant's arrival at the station and missing upon his departure; and that they knew of no one else, except the defendant, being at the station during that period of time. This testimony certainly tended to connect the defendant with the commission of the crime and would be sufficient evidence to support the verdict of the jury; therefore, the contention of defendant is without merit.

The defendant's last proposition urges that the case be reversed because of the combination of prejudicial remarks of the prosecuting attorney in his closing argument and the weak nature of the circumstantial evidence against defendant. Lovell v. State, Okl.Cr., 455 P.2d 735 (1969) stated that a case will be reversed when the entire record has numerous irregularities which prejudice the rights of the defendant, although each error standing alone, would not be sufficient to justify reversal. However, in Haney v. State, Okl.Cr., 503 P.2d 909 (1972), the appellant contended that his first three propositions of error, considered collectively, would support the proposition that the case should be reversed. In *Haney,* if the previous propositions of error are without merit, it follows that the last proposition which asks that the previous propositions be considered collectively, would also be without merit. In the instant case, since we have found the first two propositions of error to be without merit, it follows that this third contention is similarly without merit.

A careful reading of the record revealed no prejudicial error which would require modification or reversal, and the judgment and sentence appealed from is accordingly

Affirmed.

BLISS, P. J., and BRETT, J., concur.