ELMER WILSON EVELAND v. STATE.

No. A.-10882.   July 7, 1948.
(195 P. 2d 771.)

162

John Singletary, of Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for defendant in error.

JONES, J.   The defendant, Elmer Wilson Eveland, was jointly charged by information filed in the district court of Oklahoma county, with one Willie Thomas Hendricks, with the crime of burglary in the second degree allegedly committed on October 20, 1946, by breaking and entering a brick building located at 2504 North Walker street in Oklahoma City, which was occupied by the Safeway Grocery store, with intent to steal certain personal property contained in said building.   A severance was granted, the defendant Eveland was tried, convicted, and sentenced to serve seven years in the State Penitentiary, and has appealed.

No brief has been filed on the behalf of the defendant, but this court has read the entire record for the purpose of seeing whether there were any fundamental or prejudicial errors which prevented the defendant from having a fair trial.

The evidence was circumstantial against the defendant, but the circumstances are almost conclusive of his guilt. He and his companion were arrested across the street from the grocery store shortly after it had been burglarized. They were in possession of articles which had been taken from the store building which had been entered. The fingerprints of the defendant were found on the inside of the building.

The defendant testified in his own behalf. He said that he had entered the store the day before his arrest for the purpose of making a purchase and had placed his hands on the metal fruit stand where his fingerprints were later found, but specifically denied that he had committed the burglary. The defendant admitted on cross-examination that he had been given a sentence in the penitentiary of from one year to life upon conviction of the crime of robbery with firearms in the State of Illinois.

In the petition in error it is alleged that the trial court committed error in allowing the fingerprint expert who testified for the state to be endorsed as a witness. The record discloses that the name of one of the witnesses in question was endorsed on the information on November 14, 1946, which was five days before the case was called for trial.

On the day of the trial the names of two additional witnesses were endorsed on the information without objection on the part of counsel for defendant. No continuance was asked by counsel for the defendant to en-

able him to meet the evidence to be offered by the witnesses and at the hearing on the motion for new trial, counsel for defendant admitted upon inquiry by the assistant county attorney that he knew the two officers whose names were endorsed on the information on the day of the trial and knew their duties at the police department which was in the fingerprinting division.

The endorsement of witnesses on the information may be permitted at anytime within the sound discretion of the court. Tit. 22 O. S. 1941 § 384; Star v. State, 9 Okla. Cr. 210, 131 P. 542; Thomas v. State, 20 Okla. Cr. 151, 201 P. 662; Harrell v. State, 36 Okla. Cr. 225, 253 P. 516.

An examination of the record discloses no substantial error. The judgment and sentence of the district court of Oklahoma county is affirmed.

BAREFOOT, P. J., and BRETT, J., concur.