## CORNETT v. STATE.

No. A-11604. Sept. 10, 1952.

Rehearing Denied Nov. 26, 1952.

(249 P. 2d 1016.)

Robert H. Warren, Hugo, and Caldwell, Warren & Caldwell, Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

JONES, J. The defendant, J. W. (Joe) Cornett, was charged in the court of common pleas of Oklahoma county with the illegal possession of intoxicating liquor, was tried, found guilty by a jury who left the punishment to be fixed by the court. Thereafter the defendant was sentenced to pay a fine of $150 and be imprisoned in the county jail for a period of 30 days, and he has appealed.

The first assignment of error is that the trial court erred in overruling a motion of defendant for continuance on grounds of absence of his counsel.

The record discloses that the information was filed against the accused on October 23, 1950; that on November, 15, 1950, the case was duly assigned for trial on December 27, 1950. On December 27, 1950, the case was stricken and reset for trial on January 15, 1951. On January 15, 1951, defendant appeared in person and by his counsel, Mr. Caldwell, and the case was stricken from that assignment and reset by agreement for trial on February 19, 1951. On February 16, 1951, Mr, Massad filed a motion for continuance on the ground that he was

attorney for defendant and had a criminal case set for trial in the district court on the same day defendant's case was set for trial in the court of common pleas. This motion was presented on February 16th, the date that it was filed, and after a hearing the court overruled the motion. This was three days before the trial was scheduled to begin. The defendant himself was an attorney at law. On February 19th the defendant did not appear for trial and was arrested on an alias warrant issued by the court. The defendant then appeared in court with counsel Frank Massad and again asked for a continuance, which was denied. The county attorney in resisting the application for continuance stated that at the time defendant appeared with his counsel Mr. Caldwell on January 15th the case was stricken with the agreement between them that it would be tried on February 19th. The only explanation given for the reason of the nonappearance of Mr. Caldwell is the statement of Mr. Massad that, "I talked to Homer and he said he didn't want to handle a case like this".

The rule followed by this court is stated in Waldock v. State, 42 Okla. Cr. 331, 276 P. 509, as follows:

"Absence of counsel is not made one of the statutory grounds for continuance. If, however, the trial court's action in overruling an application based on this ground resulted in depriving defendant of the benefit of counsel, or even if it appeared from the record that the defendant had a substantial defense to the charge which he was unable to present by reason of the absence of counsel, this court would unhesitatingly set aside a conviction for failure to grant a reasonable continuance."

In the instant case the trial court offered to postpone the hearing until 1:30 in the afternoon to give the defendant further chance to prepare for trial, but the defendant refused the offer.

We have carefully reviewed the record and are unable to find where the defendant was prejudiced by any action taken by the court. As hereinabove pointed out, the defendant himself was an attorney and other than arguing with one or two of the state's witnesses did a very commendable job of presenting his defense. The court was lenient in permitting the various delays which were given. It would appear from the record that the accused was doing all in his power to avoid ever being tried. There was certainly no abuse of discretion by the court.

The next assignment of error is directed at the search of defendant's premises, and it is contended that it was unlawful for the officers, even though armed with a search warrant, to go upon the premises sought to be searched and make any search or seizure until the warrant had been served upon defendant or some person in charge in the manner prescribed by law.

This proposition is directed at the testimony of Officer Kolb, wherein he testified:

"Q. I want you to tell the court and jury, please, where you saw him and what happened.   A. When I first saw him, he was out back of his place between three and four o'clock, a.m., in the morning.   Q. And what was he doing there?   A. He went out to a carton—a whiskey carton there at the back of his place, to get some whiskey out of a carton."

It is the argument of counsel that this evidence showed that the officers were already hiding upon the premises and had made a search and located the whiskey and were simply waiting for the defendant. The record does not support the deductions made by counsel. The evidence of the state showed that three officers, Kolb, Roberts, and Tyler, went to the premises of the accused, known as the Highland Club, some of them entered from the front while Kolb went to the

rear, the warrant was served on the defendant, his premises were searched, 51 half pints of whiskey, 11 pints of whiskey, and 3 pints of gin were seized. The defendant first told the officers that he hadn't put the whiskey there, and then later said, "This is all mine." The legal contention is based upon a premise which is contrary to the facts.

The next contention on behalf of the accused is that the search warrant described premises upon which are located more than one building and is a blanket search warrant. This question was first raised on a motion for new trial. It was the contention of counsel that the building occupied by the Highland Club covered a large area of ground and this building housed at No. 5658 East Reno a service station leased to the Mid-Continent Petroleum Corporation. This issue was not raised at the trial. In fact, this description was never mentioned until after the state had closed its case and the defendant was testifying in his own behalf; after the defendant had testified that he owned 88 percent of the corporate stock of the Highland Club located on Lot 1, of Block 1, of East Highland Acres Addition, and that one of the girls employed there informed him that, "Tom brought some whiskey over here and wanted to leave it in the kitchen and she wouldn't let him"; that he asked what he had done with the whiskey and she said, "I will show you"; that she stepped to the door and opened the door and pointed it out to the defendant and he walked out there and the deputy sheriff was waiting by the corner; that he was not engaged in selling whiskey and did not authorize anyone to put the whiskey there. On cross-examination the county attorney asked the accused if his premises were located at 5658 East Reno and the accused said "No", that his premises were located at 5656 East Reno and that 5658 East Reno is a filling station; that the filling station and Highland Club are in the same building and the filling station was owned by the club but that they had leased it to the Mid-Continent Oil Company. This was all of the testimony concerning the filling station and was brought out on cross-examination of the defendant. Defendant further admitted on cross-examination that he was an owner of a federal retail liquor dealer's license and that he had paid a fine in federal court for carrying on the business of a retail liquor dealer without a federal permit on October 21, 1950.

Then at the conclusion of the trial after both sides had rested the defendant interposed the following motion:

"By Mr. Cornett: Comes now the defendant and moves the court to dismiss this case and to discharge the defendant for the reason that all evidence hereunder should be suppressed upon the grounds that the search warrant used herein is void. It was not obtained by the proper authorities; it was not obtained from the proper authorities; it was not based upon an affidavit, but it was instead filled out by a deputy sheriff in an auotmobile a half mile from the Club."

After this motion was interposed by the defendant the trial court excused the jury and heard evidence on the motion in the absence of the jury. The defendant had no proof to substantiate his contention made in the motion other than a hearsay statement allegedly related to him by one Ted Dobkins that justice of the peace, Trammel, was out of the city at the time the warrant was allegedly issued and that Kolb, the deputy sheriff, had filled in the warrant and signed Trammel's name to it. The county attorney then called Officer Kolb, who testified that he did not carry around a pocket full of search warrants and that the warrant used by them on the occasion of the search of defendant's premises was obtained from Judge Trammel and that the signature appearing on the warrant was the signature of Judge Trammel.

At no time does the record discolse that the defendant raised the issue that the warrant was a blanket search warrant and for that reason the search was

invalid. It is well settled that the burden of proving the invalidity of a search rests upon the defendant, and where he presents a motion to suppress evidence he should introduce evidence in support of his motion. It would only be speculative on the part of this court to conclude that the warrant was a blanket warrant. No issue was made of this point at the time of the trial, and to sustain the contention now raised would require us to deduce such fact from the testimony hereinabove given, and in order to sustain it we would have to ignore the rule consistently followed by the court that the privilege of immunity against an illegal search is personal to the accused and is one which will be considered waived unless timely objection to the introduction of evidence is interposed on that ground. See Carrell v. State, 95 Okla. Cr. 125, 240 P. 2d 1131; Sykes v. State, 95 Okla. Cr. 14, 238 P. 2d 384; White v. State, 81 Okla Cr. 399, 165 P. 2d 151.

The judgment and sentence of the court of common pleas of Oklahoma county is affirmed.

BRETT, P. J., and POWELL, J., concur.