Roy H. WOOD, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–12538.

Criminal Court of Appeals of Oklahoma.

Jan. 22, 1958.

Alvin C. Bruce, Ardmore, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

NIX, Judge.

The plaintiff in error, hereinafter referred to as the defendant, was charged by information in the county court of Carter County, tried before a jury, found guilty and sentenced to serve 10 days in the county jail and to pay a fine of $200.

The record reflects that state witness Carl F. Borchers testified he knew the defendant and that on the 5th day of May, 1957, he met the defendant driving on Highway 77C, a road leading to the Ardmore Air Base. That defendant was driving on the wrong side of the road. Witness stated that he pulled to the right side of the road and waited to see what would happen. That defendant stayed on the shoulder for about 240 feet and then went off in a ditch along side Borchers' car. He further testified he went to defendant's car where de-

fendant was sitting behind the wheel. That he could smell alcohol on his breath and upon getting out of his car the defendant staggered. Witness then left to call a tow truck. Upon his return Col. Wooley arrived. Witness Borchers stated it was his opinion defendant was intoxicated, and defendant's speech made little sense, and though he had known defendant some time, he didn't seem to recognize the witness. The highway patrol was called.

Col. Bruce Wooley testified the defendant was in his squadron at the air base. That he stopped at the scene after seeing defendant's car in the ditch. That defendant was unsteady. His speech was somewhat slurred, and he appeared to be under the influence of intoxicants. That he told the defendant to get in his car and he took him to his home in Ardmore about 6:00 p. m.

Highway patrolman Calvin Duncan testified they received the call relative to the accident about 6:00 p. m. That he and Patrolman Williams proceeded to the scene of the ditched car. Upon arrival, they made an investigation of the car, finding strong odor of intoxicants, some bottles of beer in the car and also two fifths of whisky in the glove compartment. After learning the name of the driver of the vehicle, the patrolmen went to the defendant's home about 8:45 p. m. They asked the defendant to step outside so they could talk to him. They then placed defendant under arrest and took him to the county jail. The patrolmen testified he was drunk when they saw defendant at his home.

Sgt. Phillips testified that he operated the N.C.O. club on the base and saw the defendant at the Club from 4:30 p. m. until about 6 and that he was not drinking. That he cashed the defendant's check and defendant left about 6 p. m. Sgt. Brown testified he also worked in the N.C.O. Club. That he remembered defendant cashing a check and buying two fifths of whisky; that to his knowledge he was not drinking when he left around 6 p. m.

The defendant testified he was a flight engineer and had been stationed at the Ardmore Air Base since November, 1956, and had been in service 16 years. That on the day in question he visited in the N.C.O. club and watched television for approximately two hours. That he did not drink while there, upon leaving he purchased two fifths of whisky and locked them in the glove compartment of his car. That prior to his departure he had not drunk anything except two cans of beer that morning. That on his way home from the base, his car started sliding on the soft shoulder of the road and after applying his brakes, he slipped off in a ditch. After telling someone to call for a tow car he was taken home by Col. Wooley. After he arrived home he drank 3 or 4 cans of beer. Defendant further testified that someone knocked on his door at 9 p. m. That he was on the divan with his two children. His wife opened the door. It was the highway patrolmen who asked that defendant step out so they could talk to him. He did and was arrested and taken to jail. The patrol had no warrant of arrest.

Out of this set of facts arose the case at bar.

The defendant upon appeal lists 4 assignments of error as follows:

1. That the court erred in permitting the state to endorse additional witnesses on the Information, after the case had been called for trial and the jury chosen, and of refusing to grant a continuance at the request of the defendant at the time.

2. That the court erred in refusing to give the defendant's requested Instruction Number One to the jury.

3. Errors of law which occurred during the trial and which were duly excepted to by the defendant.

4. That the verdict is excessive and unreasonable under the facts in this case.

The record discloses that when the case was called for trial the county attorney asked leave to endorse the name of Col. Preston B. Wooley on the information as a witness for the state. The court permitted

this to be done over strenuous objection of the defendant. Counsel for the defendant then asked the court to grant a continuance. The motion for continuance was overruled and defendant excepted. Thereafter, on the same day the case was called for trial and both sides announced ready.

The defendant contends that the trial court committed error in denying the motion for continuance. It has been generally held by this court that permission to place the name of a witness upon the information is in the sound discretion of the trial court and unless this discretion has been abused there should be no interference on the part of the appellate court. See Thomas v. State, 20 Okl.Cr. 151, 201 P. 662.

This court, in an identical situation, passed upon this question in the case of Bisanar v. State, 93 Okl.Cr. 7, 223 P.2d 795, 797:

"By provisions of Title 22, O.S.A. § 303, permission of the trial court to . endorse additional names of witness on the information is not reversible error unless it clearly appears that granting such permission was an abuse of discretion, and prejudicial to the substantial rights of defendant."

Also, see Tipton v. State, Okl.Cr., 308 P. 2d 670.

We feel that the trial court should exercise this discretion with the utmost precaution and to ascertain within reasonable means that the county attorney is acting in good faith. This rule has not been adapted to permit the county attorney to lay behind the log and spring new witnesses on the day of trial, but to place a liberal construction upon the statutes as to meet the ends of justice. The failure to endorse witness before trial must be by virtue of inadvertence and in good faith, and in any event, permitted only where the defendant's rights are not prejudiced by said endorsement. See Bisanar v. State, supra.

The testimony of the witness endorsed on the date of trial herein has been carefully examined and appears to be merely accumulative and the defendant's rights were not materially affected as to constitute reversible error.

Defendant's next contention is that the arrest was illegal in that the arresting officers were not armed with a warrant of arrest and no misdemeanor was committed in the officer's presence. This contention would have been meritorious had timely objection been made. The evidence reveals that the patrolmen went to the defendant's home two to three hours after the defendant had run his car into the ditch and arrested him. The officers were not within their rights and should have obtained a warrant instead of making the arrest upon information received from other persons. The record shows that defendant proceeded to trial without raising any objection concerning the illegal arrest. No motion to suppress was filed nor were any objections presented during the course of the trial as to the officer's testimony. The only time the question was raised came after the testimony was concluded and the following instructions presented by the defendant:

"Ladies and Gentlemen of the Jury, you are instructed that the State's witnesses Calvin Duncan and C. E. Williams were trespassers by going to the home of the defendant and placing him under arrest without a warrant or other process, when no crime was committed in their presence."

This instruction was refused and defendant allowed an exception.

This court has passed squarely upon this question in the case of Sanders v. State, Okl.Cr., 287 P.2d 458, 464. It was held in the Sanders case that any objection to evidence obtained by an illegal arrest must be timely made. The court said:

"It has been held that to make such objection available, it must be interposed at the first opportunity presented. * * * It should have been made, either at the beginning of the trial, by a motion to suppress or reject

such evidence, or in the course of the examination, so soon as it became apparent that the state would rely upon it. Otherwise defendant waives his right to be heard on this question."

The court in the Sanders case further said:

"It follows that the failure of the trial court to give defendant's requested instruction No. 1, advising the jury to disregard any evidence obtained by means of the entry of defendant's home, stated to be illegal, was not error.

"If in the course of the trial, when it first became apparent to counsel that the officers invaded defendant's home without authority of a warrant of arrest or a search warrant, he had objected to any testimony or evidence obtained by means of such entry, the trial court would probably have orally and instanter instructed the jury that all evidence bearing on the question of the intoxication of the defendant, or other evidence obtained by means of such entrance to her home, could not be considered, and thereafter if a demurrer had been interposed and by reason of the insufficiency of the evidence to make out a case, would have sustained the demurrer. Failing and with proper exceptions reserved, it would have been the duty of this court to have reversed and remanded the case.

"If in this case there had been evidence of the intoxication of the defendant in addition to that obtained by the illegal entrance of the home, then even though the court had stricken from the consideration of the jury the evidence so illegally obtained, it would not have been out of line for the court as a further precaution to have given an instruction similar to defendant's requested instruction No. 1, above mentioned. The wise thing to do in cases of this nature, however, assuming that counsel from questioning his client becomes aware of the illegality of the entrance to his home is, prior to trial, to file a motion to suppress, take the initiative, and support the motion by evidence, and get the question passed on so that the jury will never have the opportunity to even become aware of the evidence that may have been obtained by an illegal arrest and invasion of one's home or premises."

Because of the thorough discussion of this question in the Sanders case, it is unnecessary to elaborate further on this point.

■ We are in accord with defendant's third contention that the arresting officers' testimony was inadmissible and that his constitutional rights were invaded by their arrest of the defendant without a warrant. However, this court is helpless to review the matter in absence of proper or timely objection. The defendant failed to object and in no manner raised the question until after both sides had rested the case. Therefore, the matter was waived. See Sanders v. State, supra. Also Fulbright v. State, 96 Okl.Cr. 36, 248 P.2d 651; White v. State, 81 Okl.Cr. 399, 165 P.2d 151; Cornett v. State, 96 Okl.Cr. 165, 249 P.2d 1016.

The court has carefully considered the testimony in the case at bar and the questions raised have been thoroughly reviewed, and we find no grounds for modification or reversal. The case is therefore affirmed.

BRETT, P. J., and POWELL, J., concur.