Don McCOLLOUGH, Plaintiff in Error,

v.

STATE of Oklahoma, Defendant in Error.

No. A–12920.

Court of Criminal Appeals of Oklahoma.

Dec. 7, 1960.

On Rehearing March 29, 1961.

728

Klem & Thomas, Shattuck, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Owen J. Watts, Asst. Atty. Gen., for defendant in error.

NIX, Judge.

Don McCollough, hereinafter referred to as the defendant, was charged by information in the county court of Ellis County with the crime of operating a motor vehicle upon a public highway while under the influence of intoxicating liquor. He was tried before a jury who found the defendant guilty of the crime as charged but were unable to arrive at a verdict as to the punishment and left the same to be assessed by the court. The trial court sentenced defendant to ten days in the county jail and to pay a fine of $100 and the cost tax at $160.75.

Defendant appeals to this Court advancing numerous assignments of error upon which he relies for reversal. However, this opinion shall be confined to the discussion of proposition No. 1 which in the opinion of this Court presents sufficient grounds for reversal. The question herein presented is one that has had the attention

of the court for some time as one that is long overdue for clarification and proper construction. Proposition No. 1 claimed by defendant is as follows:

"The Court erred in allowing the county attorney to endorse additional witnesses on the information after the case had been called for trial over the objection of the defendant without the county attorney first making a showing that would justify the endorsement of additional witnesses and in the face of defendant showing that he would be able to call rebuttal witnesses but for the late hour. That the endorsement of additional witnesses was prejudicial to defendant's right and that the court abused its discretion in granting the endorsement."

Defendant's contention no doubt arises by virtue of Title 22 O.S.A. § 303 which reads as follows:

"The county attorney shall subscribe his name to informations filed in the county, superior or district court and indorse thereon the names of the witnesses known to him at the time of filing the same. He shall also indorse thereon the names of such other witnesses as may afterwards become known to him, at such time as the court may by rule prescribe. * * * "

This section of the Oklahoma Statutes unquestionably implements an important part of the Bill of Rights of our state Constitution, Art. 2, Sec. 20, which among other things states:

"In all criminal prosecutions the accused shall * * * be informed of the nature and cause of the accusation against him and have a copy thereof, and be confronted with the witnesses against him, and have compulsory process for obtaining witnesses in his behalf. * * * "

▬ In reading Tit. 22 § 303, supra, it is obvious that the authors intended that at the time a person is accused with the commission of a crime by information, the county attorney is charged with the responsibility of revealing to the accused the names of witnesses to be used in substantiating the charge. The reasoning behind this Act is sound as it was never intended that the accused should be prosecuted without knowledge of his accusers or those who were to testify against him. Under the Constitution he has the inherent right of being confronted with those witnesses. He has the right to interview them so that he may know what evidence he may reasonably expect to be offered against him and to enable him to properly prepare his defense. The legislature in its wisdom and to prevent an injustice to the enforcement of the law provided that names of witnesses that were not known at the time of filing the information could afterwards be endorsed at such time as the court may by rule prescribe. As a result of the later provision the court has consistently held that the granting of permission to endorse additional witnesses is within the discretion of the trial court and that this court will not disturb the ruling of the trial court unless there appears to be an abuse of that discretion.

This ruling has been heretofore adopted in such cases as Daniels v. State, 68 Okl. Cr. 324, 98 P.2d 68, wherein the court said:

"A court may, in its discretion, permit the indorsement of the name of a witness on an information when a case is called for trial, and, in absence of abuse of discretion, the court's action will not be interfered with on appeal."

Also see Glenn v. State, 72 Okl.Cr. 165, 114 P.2d 192, 158 A.L.R. 1146; Eveland v. State, 87 Okl.Cr. 161, 195 P.2d 771; Harding v. State, 95 Okl.Cr. 8, 238 P.2d 376.

It is to be observed that the appellate court in construing the statute has heretofore given the trial court great latitude in exercising this discretion. In recent months it has become conspicuously apparent that this discretion is being used loosely and in a manner that renders Title 22, § 303 meaningless and virtually ineffective. The practice of permitting endorsements

of material witnesses on the day of trial without a showing of good faith is gradually creating a judicial Frankenstein that has definite tendencies to devour the above statute and the constitutional guarantee, whereby defendant is entitled to be confronted with witnesses to appear against him. Being conscious of this ever growing tendency, the Court in a recent decision by your author attempted to caution the trial courts to guard carefully defendant's rights in this regard. In the case of Wood v. State, Okl.Cr., 321 P.2d 391, 394, the Court said:

> "We feel that the trial court should exercise this discretion with the utmost precaution and to ascertain within reasonable means that the county attorney is acting in good faith. This rule has not been adapted to permit the county attorney to lay behind the log and spring new witnesses on the day of trial, but to place a liberal construction upon the statutes as to meet the ends of justice. The failure to endorse witness before trial must be by virtue of inadvertance and in good faith, and in any event, permitted only where the defendant's rights are not prejudiced by said endorsement."

The influx of cases to this court involving such a question has generated the belief that the precaution above related has gone unheeded and regarded with inattentiveness. Therefore, the need arises to state the rule with such clarity as to prohibit its reoccurrence.

Title 22 O.S.A. § 303, supra, is without ambiguity, clear and concise. It proclaims in clarion manner that the county attorney is to endorse thereon the names of witnesses known to him. The legislature in implementing the constitution meant this to be the law. They provided an exception and that was to permit the endorsement of witnesses who thereafter became known to him. They provided for no other exception in the Act. This Court has held that if subsequent to the filing of the information names of other witnesses are discovered, they should be endorsed on the information at the earliest opportunity. See Hawkins v. State, 6 Okl.Cr. 308, 118 P. 607.

■ In the instant case, the county attorney moved to endorse three additional witnesses on the information. This request was made on the 14th of March 1960, which, according to the record, was the first day of the term of court. The trial court, over strenuous objection on the part of defense counsel, granted the permission. When the case was called for trial the next day, defense counsel moved for a continuance upon the grounds that the new witnesses came as a surprise and if sufficient time was granted, they could produce rebuttal testimony. The court overruled the motion for a continuance and proceeded to trial. A review of the record reveals that one of the witnesses, Haskell Sturtz, was a very important and material witness. The defendant was charged with operating a motor vehicle while under the influence of intoxicating liquor. The highway patrol found defendant at the hospital some time after they investigated a car turned over on the highway. No one could place defendant under the wheel of said vehicle or that he was driving the same except witness Haskell Sturtz, so it is conceded only by his testimony could the corpus delicti be established. Thus he was a material witness in chief. The record is completely void of any showing of inadvertence or good faith as justification for the late endorsement. The court required no showing. No reason was given or excuse offered. There was not a scintilla of evidence to support the trial court's ruling or conclusion. Herein the burden was on the state to affirmatively show why the provisions of the statute requiring the endorsement of state witness on the information had not been met. See Harding v. State, 95 Okl.Cr. 8, 11, 238 P.2d 376, 378, wherein Judge Brett stated in an able decision:

> "Under these conditions there was nothing upon which the trial court could exercise its judicial discretion. Hence it is apparent that the court erred in not sustaining the defendant's objection to the endorsement of Hen-

drickson's name on the information in the absence of the state making a proper showing as to why the said name had not been endorsed thereon * * *".

This Court said in the case of Steen v. State, 4 Okl.Cr. 309, 111 P. 1097, 1099:

"But in the present case the name of the witness Ezell was never indorsed on the information, and the case-made does not disclose when the witness was discovered, or that any showing was made by the county attorney to the court that he had just learned of the witness. On the contrary, the circumstances indicate that the prosecution had the evidence of this witness in mind all along in the preparation of its case. The court therefore erred in overuling the objection."

This Court is of the opinion that all instances where the statute, requiring endorsement of witnesses on the information, is not complied with the burden is upon the state to justify noncompliance. In passing upon the matter the trial judge should be satisfied the state is in good faith and that his failure to endorse was justified by lack of knowledge or inadvertence. A record should be made and defense counsel should request a record of the proceedings when the county attorney seeks late endorsement of witness. Bearing in mind that defendant must not be prejudiced in any event by the court's ruling, the materiality of the witness is an important factor that must be taken into consideration in arriving at a conclusion. Before the trial judge could intelligently pass upon this matter a showing must be made of sufficient consequence as to give the trial judge sufficient facts upon which to exercise his judicial discretion.

In any event, a late endorsement of a material witness can only be cured by a continuance affording defendant sufficient time to prepare to meet the surprise testimony and to obtain rebuttal evidence if available. The Court does not attempt to define "sufficient time", but the trial court should be liberal in this regard. An attorney would not be expected to drop all other business and drive night and day in order to meet a surprise that was brought about by the state's failure to comply with the law.

In the instant case the endorsement of a material witness the day before the trial without granting defendant's request for a continuance was prejudicial to defendant's rights and constituted reversible error.

The judgment and sentence of the trial court is set aside and the case is hereby reversed and remanded for a new trial in compliance with this decision.

POWELL, P. J., and BRETT, J., concur.

On Rehearing

BUSSEY, Judge.

Plaintiff in error filed his appeal in this Court, and on December 7, 1960, a decree was rendered remanding the case to the trial court for a new trial. The reversal was based upon the decision of the trial court permitting the county attorney to endorse names of additional witnesses on the information at such a time and in such manner as to be prejudicial to the plaintiff in error. Plaintiff in error filed a petition for rehearing requesting that this Court rule on four assignments of error set forth in his original appeal other than the error upon which the case was reversed and remanded.

The first such assignment of error is that the trial court erred in failing to sustain defendant's demurrer to the information. It is plaintiff in error's contention that, since the county attorney failed to allege in the charging part of the information that the defendant was operating a motor vehicle while under the influence of intoxicating liquor, such failure rendered the information fatally defective as not stating facts sufficient to constitute a crime under the laws of the State of Oklahoma.

The information in the case at bar is almost identical to the information in Bristow v. State, 86 Okl.Cr. 97, 189 P.2d 629,

where the information was held to be fatally defective. For cases of like import see: Shiever v. State, 92 Okl.Cr. 239, 222 P.2d 530, 531; Ex parte Conway, 84 Okl. Cr. 118, 179 P.2d 699; and Bruning v. State, 63 Okl.Cr. 1, 72 P.2d 393.

 In view of the above-cited authority, we hold that the trial court should have sustained the defendant's demurrer to the information in the instant case.

 The plaintiff in error in his fourth assignment of error urges that the trial court erred in admitting into evidence over his objection a copy of the written report of the investigating officer. This contention has been decided in Weeks v. State, 88 Okl. Cr. 291, 202 P.2d 1005, wherein the court stated in the syllabus:

"Copy of report of Highway Patrolman made to Department of Public Safety detailing circumstances of arrest of accused and containing expressions of opinion and conclusions of patrolman, is inadmissible in evidence to sustain a charge of driving an automobile on a public highway while under the influence of intoxicating liquor."

In the body of the opinion, the court states:

"We cannot comprehend any basis for the admission of the original of said report in evidence."

In view of the fact that an accident investigation report filed by a member of the Oklahoma Highway Patrol contains hearsay and opinion evidence, and is a violation of the best evidence rule when the patrolman is present in court to testify as to what he found at the scene of the crime or accident, this court holds that the trial court committed error in admitting said report into evidence over the objection of defendant.

After a careful re-examination of the case made and the briefs of plaintiff in error and defendant in error, we deem it necessary to consider only the contentions of plaintiff in error which are set out above

 In reviewing the record, we are of the opinion that there is sufficient evidence which if properly presented to and believed by a jury would support a verdict of guilty.

It is therefore ordered, adjudged, and decreed that for the reasons set forth in the original opinion and as herein supplemented, the cause is reversed and remanded for a new trial.

NIX, P. J., and BRETT, J., concur.