Billy Everett JONES, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–13765.

Court of Criminal Appeals of Oklahoma.

Jan. 26, 1966.

560

David L. Field, Enid, for plaintiff in error.

Charles Nesbitt, Atty. Gen., State of Oklahoma, for defendant in error.

BUSSEY, Presiding Judge.

Billy Everett Jones, hereinafter referred to as defendant, was charged by information in the District Court of Garfield County with the offense of Operating a Motor Vehicle While Under the Influence of Intoxicating Liquor, a second and subsequent offense. He was tried by a jury who found him guilty and fixed his punishment and imprisonment in the State Penitentiary for a term of three years and assessed his fine in the sum of $100.00. Judgment and sentence was pronounced in accordance with the verdict of the jury and a timely appeal has been perfected to this Court.

On appeal the defendant urges three assignments of error, the first of which is not properly before the Court since it relates to admission of testimony which was not objected to at the time it was given, nor was it assigned as error in the defendant's motion for new trial, but is raised for the first time on appeal. We have repeatedly held that errors to which no objections are made, nor exceptions taken to the ruling of the court, not raised in Motion for New Trial, will not be considered on appeal.

The second assignment of error urged by defendant is that the trial court erred in entering an order allowing the indorsement of an additional witness one day prior to trial. From the record it appears that on the day preceding trial, on application of the State, the trial court entered an order allowing the indorsement of the former county attorney, Dennis Pope. Mr. Pope's name was not physically indorsed on the information until after the trial had commenced and the defendant objected to the indorsement at that time. His objection was overruled by the court and exceptions taken thereto.

In support of this contention, the defendant relies upon McCollough v. State, Okl.Cr., 360 P.2d 727. While we are in complete accord with the decision rendered in McCollough v. State, supra, we are of the opinion that the facts in the instant case are clearly distinguishable from McCollough. In the McCollough case, the court allowed the indorsement of the name of a material witness shortly before trial and summarily overruled the defendant's request for a continuance. The witness so indorsed was the only witness who established the corpus delicti and without his testimony, a conviction could not have been sustained. In the instant case, the former County Attorney was called by the State for the purpose of identifying the defendant as being the same defendant previously convicted for the offenses of operating a motor vehicle while under the influence of intoxicating liquor. His testimony came after the authenticated court records of Garfield County had been introduced in evidence after having been identified by the Court Clerk of said county, and was merely cumulative. Moreover, the defendant did not seek a continuance or recess. We have repeatedly held that:

"A court may, in its discretion, permit the indorsement of the name of a witness on an information when a case is called for trial, and, in absence of abuse of discretion, the court's action will not be interfered with on appeal."

Daniels v. State, 68 Okl.Cr. 324, 98 P.2d 68. Also see Glenn v. State, 72 Okl.Cr. 165, 114 P.2d 192, 158 A.L.R. 1146; Eveland v. State, 87 Okl.Cr. 161, 195 P.2d 771; Harding v. State, 95 Okl.Cr. 8, 238 P.2d 376.

In Evans v. State, Okl.Cr., 312 P.2d 908, the Court said:

"The trial court in the exercise of judicial discretion may permit the name of a witness to be endorsed upon the information even after the trial has commenced. If defendant's counsel is surprised at such action and such endorsement of an additional witness requires a production of further testimony by defendant, he should withdraw

his announcement of ready for trial and file a motion for a postponement or a continuance, in which he should set out the facts constituting such surprise, and the other evidence, if any, he could produce to rebut the testimony of such additional witness if the trial of the case were continued. Where he fails to do this, the error, if any, is waived."

■ For the reasons above set forth, we are of the opinion that the defendant's second assignment of error is without merit.

It is lastly contended by the defendant that the trial court committed reversible error when it submitted to the jury for their consideration, instructions 9 and 13. A part of instruction 9 incorrectly stated:

"The court instructs you, as a matter of law, that proof is not required on behalf of the state as to the alleged second and subsequent offenses for the reason that the defendant, by and through his counsel, has admitted the correctness of the allegations in the second part of the information."

This part of instruction 9 had been crossed out, by the trial court with a pencil, but was still legible. The portion of instruction 13 of which defendant now complains appears in the record as follows:

"Additional forms of verdict are being submitted to you for this purpose, together with all the Instructions in the case, and when you have arrived at a verdict as to the punishment which you have fixed and determined, you will return the same into court. You will now retire and determine the amount of punishment in this case, for further deliberation."

In his brief, counsel for defendant argues that:

"Surely the marked-out portion of Instruction No. 13 does constitute such error because, when ready by the curious jurors, it would convey the idea that the judge believed the defendant guilty and subject to punish-

ment. The feelings of the judge as to the guilt or innocence of the defendant, when conveyed to the jury, would definitely have an influence on their verdict. The mere presence of these statements in the instructions would prejudice the defendant, however, in the present case they were emphasized by the pencil line drawn through them, which undoubtedly drew the attention of the jury.

In a case such as this, it is the province of the jury to decide upon the guilt or innocence of the defendant. However, in the case at bar, the trial judge entered their province by revealing to them his subjective beliefs, causing prejudice to the defendant."

■■ There can be little doubt that the better practice would have been to retype the instructions, deleting the objectionable portion therefrom; nor can it be seriously questioned that the trial court, in the instant case, erred in failing to obliterate completely the objectionable portions of the instructions. Conceding that the trial court's submission of these instructions to the jury in the form submitted was error, we must determine whether defendant was prejudiced or injured thereby, for we have repeatedly held that it is not error alone that causes reversals, but error plus injury. In the instant case the trial was conducted in a two stage proceedings. The jury had determined that the defendant was guilty of the principal charge of Operating a Motor Vehicle While Under the Influence of Intoxicating Liquor, and this determination was made under proper instructions. The uncontroverted evidence introduced on behalf of the State in the second stage of this trial, clearly established that the defendant had two previous convictions for the offenses of operating a motor vehicle while under the influence of intoxicants and it was at the conclusion of the second stage of the trial that the faulty instructions were given.

■ On the record before us, we are of the opinion that the only verdict which

the jury in good conscience could have returned at the conclusion of the second stage of the trial was that the defendant had previously been convicted as charged in the information. We must conclude, therefore, that under the circumstances here presented, this error was not so fundamental as to require reversal. While the sufficiency of the evidence to support this conviction is not challenged, from an examination of the entire record we are of the opinion that the ends of justice will best be served by modifying the judgment and sentence from a term of three (3) years imprisonment, to a term of eighteen (18) months imprisonment and as so modified, the judgment and sentence appealed from is affirmed.

BRETT and NIX, JJ., concur.