**Huby Alvin PARKS, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. M–75–505.**

Court of Criminal Appeals of Oklahoma.

March 9, 1976.

---

Andrew L. Hamilton, Bay, Hamilton, Renegar & Lees, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., for appellee.

## OPINION

BLISS, Judge.

The appellant, Huby Alvin Parks, hereinafter referred to as defendant, was charged, tried before a jury and convicted of the crime of Driving Under the Influence of Intoxicating Liquor in the District Court of Oklahoma County, Case No. CRM-75-347. Punishment was assessed at a term of thirty (30) days in the county jail and a fine of $100.00. From a judgment and sentence in conformance with the verdict, the defendant has perfected his timely appeal.

Briefly stated, the evidence adduced at trial is as follows: Officer Art Smith of the Oklahoma City Police Department testified that on the 1st day of February 1975, at approximately 10:30 p. m. he observed the defendant making a left turn into the wrong lane of Shields Boulevard and proceeding north in the southbound lane. The officer stopped the defendant and advised that he was proceeding in the wrong lane and the defendant then drove to an opening in the median and into the northbound traffic lane and stopped his vehicle. When asked for his driver's license, the defendant got out of his vehicle and walked back towards the officer. The officer testified that the defendant had a slight stagger to his walk and that he had a mild odor of alcoholic beverage on his breath. The officer further testified that the defendant's eyes were very red and watery, that he was having some trouble talking plainly and seemed to be disoriented at times. The officer further testified that it was his opinion that the defendant was under the influence of intoxicating liquors and was not capable of operating his vehicle safely on the streets. The defendant was then taken to the Oklahoma City Police Department where he was given a breathalyzer test by the operator D. R. Weeks.

The State then called Officer Weeks and attempted to introduce the results of the breathalyzer test. Defense counsel objected to the introduction of the results of said test for the reason that the machine had not been properly qualified pursuant to the requirements of *Westerman v. State*, Okl. Cr., 525 P.2d 1359. The objection was sustained and the State then called Officer Ted Carlton for the purpose of establishing that the requirements of *Westerman* had in fact been complied with. Defense counsel objected to the testimony of Officer Carlton for the reason that Carlton's name had not been endorsed on the Information and that his testimony constituted a surprise. Defense counsel further made an oral re-

quest for a continuance. The trial court overruled the objection and in so doing made the following comment:

"THE COURT: Well, let the record show that during the recess we have been attempting to research this question and it's one that this Court is not familiar with at this time, but due to the nature of the testimony as I understand the witness will be giving and the fact that he will be testifying from the maintenance records and that the defendant has a right to inspect those records and to cross examine him with reference to them I don't feel at this time from what I know now that it would be such a surprise or such a material surprise that would necessitate a continuance. I will overrule the objection and give the defendant exceptions and in the meantime if they can come up with some law to show that I am wrong or that another action should be taken I will be glad to consider it at the proper time. Call your next witness, Miss Childers."

Officer Carlton then testified that the machine had been properly maintained and calibrated. The test results, .21 percent blood alcohol concentration, were then introduced through the testimony of Officer Weeks.

The defendant then took the stand to testify in his own behalf stating that on the evening in question he had consumed four (4) cans of beer at a local tavern but that he did not believe that he was under the influence of the alcoholic beverage or that his driving ability had been affected that evening.

The defendant's sole assignment of error urges that the trial court committed reversible error in authorizing endorsement of the name of Officer Carlton upon the information after the trial had commenced and in permitting him to testify. In support of his contention, the defendant cites *McCollough v. State,* Okl.Cr., 360 P.2d 727, wherein this Court held that it was error for the trial court to refuse a request for a continuance after it had allowed the endorsement of the name of a material witness shortly before trial.

The State contends that the defendant waived any objections to the trial court's refusal of his request for a continuance when he did not withdraw his announcement of ready for trial and file a motion for postponement or continuance. In support of its contention the State cites *Robinson v. State,* Okl.Cr., 507 P.2d 1296, and *Jones v. State,* Okl.Cr., 410 P.2d 559. An examination of Robinson and Jones indicates that in those cases defense counsel failed to request a continuance. In the instant case, defense counsel made the following record, to-wit:

MR. HAMILTON: And that we have been informed that the State intends to call, what's his name?

MISS CHILDERS: Ted Carlton

MR. HAMILTON: Ted Carlton of the Oklahoma City Police Officer for the purpose of establishing that the breath-a-lizer machine has purportedly complied with the law, the maintenance of it and so forth, and that the witness was not listed on the Information and that this constitutes a surprise to the defendant and we at this time respectfully request the Court to continue the case and give us an opportunity to properly investigate and determine the evidence as it's about to be elicited from this witness.

THE COURT: Miss Childers, you have any remarks?

MISS CHILDERS: I don't have anything in answer to that.

It is obvious from the above that defense counsel advised the trial court of his surprise and need for a short continuance. Although the trial court did not abuse its discretion in allowing the endorsement of Officer Carlton, it did abuse its discretion in failing to grant a short postponement. It is apparent from the record that the results of the breathalyzer test were most persuasive and defense counsel should have been given an opportunity to consider the

new matter and prepare his defense, if any. The judgment and sentence appealed from is *REVERSED* and the cause is *REMANDED* for a new trial.

BRETT, P. J., and BUSSEY, J., concur.