**Steven Thomas GRIFFITH, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–79–679.**

Court of Criminal Appeals of Oklahoma.

March 13, 1981.

Gerald F. Neuwirth, Lawton, for appellant.

Jan Eric Cartwright, Atty. Gen. of Oklahoma, Timothy S. Frets, Asst. Atty. Gen., for appellee.

OPINION

BUSSEY, Judge:

Appellant, Steven Thomas Griffith, appeals from his conviction in the District Court of Comanche County, Case No. CRF–78–1285, for Robbery by Force, as a result of which he was sentenced to five (5) years in the penitentiary. He asserts a single assignment of error, that is, the trial court erred in failing to grant a continuance upon defense counsel's request after the state was permitted to endorse a new eyewitness the day of the trial. He relies primarily on *McCollough v. State*, 360 P.2d 727 (Okl.Cr. 1960).

However, this case is readily distinguishable from *McCollough*. In this case, the witness was not the only witness who could establish some essential part of the state's case; he was one of three eyewitnesses, in addition to the victim and a police officer, who arrived while the accused was still at the scene of the crime. The existence of prejudice to appellant is very doubtful.

The state contended that the existence of this witness was not known to them until shortly before trial. In addition, the trial court directed that the witness be made available for an interview by the defense during a noon hour recess the day of trial. In view of the fact that the witness' testimony was essentially cumulative, an assertion of genuine surprise by the defense is not persuasive. In view of the overwhelm-

ing evidence of guilt, it does not appear that the trial court's denial of a continuance could have influenced the verdict.

The grant or denial of a continuance on account of a late endorsement of witnesses is a matter for the trial court's discretion. *Wampler v. State*, 553 P.2d 198 (Okl.Cr. 1976). In this case, no abuse of discretion is shown. The judgment and sentence appealed from is accordingly affirmed.

BRETT, P. J., and CORNISH, J., concur.