**Simon Peter JACKSON, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–88–754.**

Court of Criminal Appeals of Oklahoma.

May 14, 1991.

As Corrected May 29, 1991.

William H. Luker, Assistant Appellate Public Defender, Norman, for appellant.

Robert H. Henry, Atty. Gen., A. Diane Hammons, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

LANE, Presiding Judge:

Appellant was convicted of First Degree Murder and sentenced to death after a two stage proceeding in Tillman County District Court, Case No. CRF–88–50. Appellant has raised a number of grounds which he claims warrant relief from this Court, however, we find that because one of the assertions of error requires the reversal of the conviction and a new trial, we need only consider that claim. The relevant facts of the case will be discussed as necessary in conjunction with the effect of the identified error on Appellant's fundamental rights.

The problem which requires reversal of this case is a simple one; the State failed to comply with the constitutional requirement that all witnesses in capital cases must be endorsed at least two days prior to the beginning of the trial. Okla. Const. Art. 2, § 20. While it is true that many of our rules of criminal procedure are sometimes difficult to follow or to discern the true meaning, the same cannot be said for this very plainly stated right. Such a simple requirement should have been easily carried out. Unfortunately, the State absolutely, and apparently deliberately, failed to endorse one of its most important witnesses.

The case against Appellant was at best, largely circumstantial. The murder victim was twenty-six year old Gloria Jean Jefferson who had been involved in a somewhat tumultuous personal relationship with Appellant for some time. Jefferson was found dead, having been stabbed at least fifty-nine times, with her head severed from her body. There were no witnesses to the crime, no weapon was found and there was no forensic evidence. The evidence linking Appellant to the crime consisted of a shoe found in the road near the body; a piece of stationary from Appellant's place of employment, several cigarettes and a beer can in brands like those found in Appellant's home.

The problem which we must now address concerns the State's presentation of Juanita Conley, a sixty-one year old school teacher who was also romantically involved with Appellant, during its case-in-chief at trial. At the time of Appellant's preliminary examination, Ms. Conley was subpoenaed by the defense as an alibi witness. When she was called to the stand, she was expected to testify in conformity with statements that she had previously given to police and to the State's investigator that Appellant had been at her house the night of the murder and had not gone out all night.

At the preliminary examination, Ms. Conley changed her story dramatically. Instead of establishing the anticipated alibi, Conley testified that Appellant had come to her house at 11:30 on the night of the murder and confessed that he had just killed Jefferson. She testified that she cut Appellant's dirty socks into small pieces

and flushed them down the commode. The next morning, she drove him to a park in Texas near the Red River, where he threw a small paper bag into a trash can.

Despite the apparent value of Conley's testimony to the State's case, the State never moved to endorse her as a witness. On July 22, after the preliminary examination, the State filed an Amended Information with no witnesses named. A witness list filed on July 29, after the court granted Appellant's Motion for Endorsement of Witnesses, did not mention Conley. Approximately three weeks prior to trial, defense counsel asked the prosecutor if he planned to call Conley at trial. The prosecutor replied that he had not decided but that if he did call her, defense counsel could not claim to be surprised since Conley had originally been his witness. When the trial began, there had been no endorsement.

During his opening statement, the prosecutor told the jury that although the case was circumstantial, the testimony of Juanita Conley would tie all the evidence together. This was the first official notice to the defense that the State intended to call Conley.

When Conley was called, counsel for Appellant objected on the grounds that the witness had never been endorsed. He told the court that although he knew the essence of Conley's testimony at preliminary, when she was not endorsed as a witness, he had made no preparations with regard to any potential cross-examination.

At the in-camera hearing on Appellant's objection, the State's argument was based on whether or not Appellant could establish that he was surprised at the existence of the witness. Appellant argued that the rule established by the Constitution was mandatory and that surprise alone was not the determining factor. He told the court that while not surprised per se that the witness existed, he was surprised that she had been called as a witness, thus he was unprepared to continue. He argued that the rule was designed to protect a defendant from being forced to trial without benefit of preparation time.

The trial court held in conformity with the State's position that because Appellant had prior knowledge of the witness, he could not claim to be surprised. The trial court refused Appellant's request for a continuance based on the same reasoning.

The trial court committed absolute error when it agreed with the State that the timely endorsement of a witness in a capital case was not necessary if the defendant had previous knowledge that the witness might be called. That is not the rule and that analysis has no place in determining whether or not the provisions of Art. 2 § 20 have been fulfilled. If the rule could be so easily satisfied, the defense could be faced with the prospect of preparing to examine a multitude of witnesses, none of which are endorsed, but all of which are known to him based on the investigation of the case. Prevention of surprise may be important in cases where the witness in question is absolutely unknown to the defendant, but it is equally important with known witnesses. A defendant in a capital case is entitled to know ahead of time who the witnesses against him at trial will be so that he has the opportunity to plan his trial strategy. Important decisions concerning the manner in which the defense will be presented turn on the anticipation of what the State's evidence will show. If the defendant does not know ahead of time what evidence he is to face, how can he prepare to refute that evidence?

The approach taken by both the trial court and the prosecutor was a simplistic, overly narrow view of the purpose of the endorsement requirement. At trial, the State argued that the rule applied only to the presentation of surprise witnesses, those witnesses whose existence is not known to the defendant until he is confronted by their testimony for the first time in court. On the other hand, Appellant urged that he had a right to be protected from the "surprise" testimony of a known witness. While we do not disagree with the State's argument, we also find that the position taken by Appellant is equally valid under the law. The endorsement of witnesses as required by both the

statutes and constitution of this state protect a defendant from trial by ambush, whether the ambush comes in the form of a previously unknown witness, or merely through the unknown testimony of a known witness.

The United States Supreme Court has held, in connection with a federal law identical to the Oklahoma Constitution, that the two day endorsement requirement is an important right and failure to comply will result in error. In *Logan v. United States*, 144 U.S. 263, 304, 12 S.Ct. 617, 630, 36 L.Ed. 429 (1892), the Court held:

The list of witnesses required to be delivered to the defendant is not a list of the witnesses on whose testimony the indictment has been found, or whose names are endorsed on the indictment; but it is a list of the "witnesses to be produced on the trial for proving the indictment." The provision is not directory only, but mandatory to the government; and its purpose is to inform the defendant of the testimony which he will have to meet, and enable him to prepare his defense. Being enacted for his benefit, he may doubtless waive it, if he pleases; but he has a right to insist upon it, and if he seasonably does so the trial cannot lawfully proceed until the requirement has been complied with.

We find this analysis to be extremely persuasive in the present case and similar to holdings which we have pronounced in many cases. See *Ex parte Ellis*, 383 P.2d 706 (Okl.Cr.1963); *Fairris v. State*, 287 P.2d 708 (Okl.Cr.1955); *Wheeler v. State*, 85 Okl.Cr. 248, 187 P.2d 266 (1948); *Ex parte Stinnett*, 71 Okl.Cr. 184, 110 P.2d 310 (1941); *Wood v. State*, 11 Okl.Cr. 176, 144 P. 391, 392 (1914).

Appellant requested the endorsement of the State's witnesses on at least three occasions. For whatever reason, the State did not believe that it was necessary to endorse Conley. When she was presented at trial, error occurred.

As the U.S. Supreme Court has pointed out in the *Logan* case, the error caused by the State's failure to endorse witnesses may be waived by the defendant. *Logan*, 144 U.S. at 304, 12 S.Ct. at 630. In fact, when this type of situation occurs, it is a simple matter to cure the error. The trial court may grant a continuance for the period required to provide proper notice to the defendant. *Diaz v. State*, 728 P.2d 503, 513 (Okl.Cr.1986), quoting *Riggle v. State*, 585 P.2d 1382, 1389 (Okl.Cr.1978). In *McCollough v. State*, 360 P.2d 727 (Okl.Cr. 1961), we specifically held:

In any event a late endorsement of a material witness can only be cured by a continuance affording defendant sufficient time to meet the surprise testimony and obtain rebuttal evidence if available....

In the instant case the endorsement of a material witness the day before the trial without granting defendant's request for a continuance was prejudicial to defendant's rights and constituted reversible error.

*See also Fisher v. State*, 668 P.2d 1152 (Okl.Cr.1983); *Paschall v. State*, 96 Okl.Cr. 198, 252 P.2d 175 (1952).

In *Jones v. State*, 542 P.2d 1316, 1324 (Okl.Cr.1975), we relied on the rule established in *Plumlee v. State*, 361 P.2d 223, 226 (Okl.Cr.1961), to determine whether the State was entitled to escape the effects of its failure to endorse its witness. We held that the error may be subject to cure by the trial court through the granting of a continuance only if certain elements are present:

This rule has not been adopted to permit the county attorney to lay behind the log and spring new witnesses on the day of trial, but to place a liberal construction upon the statutes as to meet the ends of justice. The failure to endorse witnesses before trial must be by virtue of inadvertence and in good faith, and in any event, permitted only where the defendant's rights are not prejudiced by said endorsement.

We find that the State's flagrant violation of the rules governing criminal trials, not to mention the provisions of the constitution, absolutely, unquestionably constituted bad faith. Despite repeated inquiry by Appellant, both written and oral (neither

**618**

of which was required to invoke the State's duty to endorse) as to the State's intention to call Conley at trial, the prosecutor chose to "lay behind the log," refusing to reveal his plans with the expectation that Appellant's objection would be overruled. We will not tolerate such conduct and seriously question the ethics of a prosecutor who believes that he does not have to follow the rules. The prosecutor's absolute disregard for Appellant's fundamental rights, in favor of an unfair advantage at trial is even more offensive in light of the fact that the penalty sought here is death. To condemn a man to die for his actions through the use of unfair tactics is completely outside the scope of any modern concept of justice.

In this case, Appellant very properly objected to the endorsement of this very material witness. He requested a continuance in order to prepare for his cross-examination. The request was denied by the trial court, accepting the prosecutor's argument that pure surprise, rather than preparedness was the determining factor. This was not a case where the evidence was merely cumulative as was true in *Denton v. State*, 58 Okl.Cr. 275, 53 P.2d 1136 (1936), nor was it a case where the defendant refused the trial court's offer of a curative continuance, thus waiving the error, *Vavra v. State*, 509 P.2d 1379 (Okl.Cr. 1973). We find that the conviction must be REVERSED and the cause REMANDED to the district court for a new trial.

LUMPKIN, V.P.J., and BRETT, PARKS and JOHNSON, JJ., concur.