Patricia Beth JONES, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–89–1306.

Court of Criminal Appeals of Oklahoma.

Dec. 29, 1995.

Rehearing Denied Jan. 26, 1996.

William H. Campbell, Oklahoma City, for Defendant at trial.

Anne M. Moore, Assistant Appellate Defender, Norman, for Appellant on appeal.

Fern L. Smith and Sandy Stensaas, Assistant District Attorneys, Oklahoma City, for the State at trial.

Susan Brimer Loving, Attorney General of Oklahoma and A. Diane Blalock, Assistant Attorney General, Oklahoma City, for Appellee on appeal.

## OPINION

JOHNSON, Presiding Judge:

Patricia Beth Jones was tried by a jury and convicted of two counts of First Degree Murder in the District Court of Oklahoma County, Case No. CRF–89–2313. The jury found the existence of the following aggravating circumstances: (1) the defendant knowingly created a great risk of death to more than one person; (2) the murders were especially heinous, atrocious, or cruel; and (3) the murders were committed for the purpose of avoiding or preventing a lawful arrest or prosecution. In accordance with the jury's recommendation, the Honorable Charles Owens sentenced appellant to death on both murder counts. From this judgment and sentence, appellant has now perfected her appeal to this Court.

Appellant raises seventeen propositions of error on appeal. We need only address appellant's first proposition as we find error exists which requires that this case be reversed and remanded to the District Court for a new trial. In light of this determination, a lengthy recitation of the facts is uncalled for.

Appellant contends in her first assignment of error that the trial court abused its discretion when it denied her repeated continuance requests. We will first discuss the history leading up to the trial of this case as it is quite confusing and important for the proper evaluation of this assignment of error.

Kim Gayleen Grant and Harrell Lloyd "Rob" Robinson were murdered toward the end of February or beginning of March in 1988. Appellant was charged a year later in April of 1989 in Case No. CRF–89–2313. The charging information listed nine witnesses and a preliminary hearing was held on June 22, 1989. Five of the nine witnesses were called. Shortly before the trial was to begin, the State filed a new or additional charge against appellant in Case No. CRF–89–4717. This case also involved the murders of Kim Grant and Rob Robinson. Counts I and II specifically charged Ronnie Lee Floyd, David Lee Flippo, and Alfredo "Pineapple" Omalza with the murders of Grant and Robinson. Count III included appellant and charged the four parties with conspiracy to commit the murders. The information was later amended to include appellant in Counts I and II.

Thereafter, the State moved for a continuance so they could re-group and decide which information to proceed with against appellant. The continuance request was granted and the trial was rescheduled for November 6, 1989. At that time, no additional witnesses had been endorsed on the information in Case No. CRF–89–2313.

Appellant was led to believe by the State that the November 6 trial would never occur. Appellant understood Case No. CRF–

**978**

89–2313 would be dismissed, and the State would proceed against her in CRF–89–4717. However, on either October 31 or November 2, the State decided to proceed under CRF–89–2313. Appellant did not become aware of this decision until November 2, when defense counsel was served with the State's new list of witnesses (83 in number) which was filed pursuant to Art. 2, § 20 of the Oklahoma Constitution. Moreover, prior to November 3, the State endorsed twenty-six additional witnesses. A total of seventeen witnesses were called by the State at trial. Twelve of these witnesses were not endorsed by the State until just before trial. Appellant immediately requested a continuance. This request was denied by Judge Dixon on November 3. Judge Charles Owens ultimately presided over the trial and also denied appellant's repeated continuance requests.[1]

The obvious question we are faced with is whether the trial court abused its discretion by denying appellant's continuance request. The decision to grant or deny a motion for continuance is addressed to the sound discretion of the trial judge, and will not be disturbed unless an abuse of discretion is apparent. *Moss v. State,* 888 P.2d 509, 515 (Okl.Cr.1994); *Bryson v. State,* 876 P.2d 240, 254 (Okl.Cr.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 752, 130 L.Ed.2d 651 (1995). In the present case, the trial court clearly abused its discretion when it denied appellant's repeated continuance requests. Two factors command that we reach this determination: (1) the rush to trial with merely four days notice; and (2) the untimely endorsement of twenty-six witnesses.

The parties on appeal agree that appellant was operating in good faith under the belief that Case No. CRF–89–2313 would be dismissed. Appellant never expected to go to trial on November 6. She did not become aware that the State had changed its mind until four days before the actual trial began. Two of these four days consisted of the weekend. This was a very complex death case which involved several complicated evidentia-

ry issues. The majority of evidence was circumstantial. Moreover, the credibility of many of the witnesses was at issue. Under these circumstances, four days was not a sufficient amount of time in which to prepare for trial.

The problem was intensified by the State's late endorsement of twenty-six witnesses. Title 22 O.S.1981, § 303 provides in pertinent part:

> The district attorney shall subscribe his name to informations filed in the district court and endorse thereon the names and last-known addresses of all the witnesses known to him at the time of filing the same, if intended to be called by him at a preliminary examination or at trial. Thereafter, he shall also endorse thereon the names and last-known addresses of such other witnesses as may afterwards become known to him, if they are intended to be called as witnesses at a preliminary examination or at trial, at such time as the court may by rule prescribe....

The State clearly violated Section 303 in the present case. The State was aware of several of the witnesses long before they were endorsed. The State knew of at least five of these witnesses even before the information was filed: Patricia Arnold, Pam Hill, Debra Ross, Bobbie Jo Flippo, and Roberta Lancaster. These five witnesses were material to the State's case.

In *McCollough v. State,* 360 P.2d 727, 731 (Okl.Cr.1960), *reh'g granted,* (Okl. Cr.1961), the Court reversed a non-capital felony conviction after the trial court allowed the prosecution to endorse a material witness the day before trial and denied defense counsel's request for a continuance. The Court held that Section 303 requires the State to endorse witnesses at the time of filing the information or as soon as the witness becomes known. When a violation of this statute occurs, the State bears the burden to justify its noncompliance. *McCollough,* 360 P.2d at 731. Justifications for untimely endorsements are inadvertence or late discov-

---

1. Not only did appellant reassert her continuance request on numerous occasions, but appellant never announced ready for trial and object-

ed to several of the witnesses taking the witness stand due to surprise.

ery, but in any event the failure to endorse must have been in good faith. *Id.* Furthermore, a late endorsement of a material witness should only be allowed without a continuance if there was sufficient time to prepare for the surprise testimony. *Id.*

In the instant case, the State's failure to timely endorse witnesses was certainly not caused by inadvertence or late discovery. The State had been aware of Patricia Arnold's involvement in the case for nearly 20 months. Debra Ross had contacted Detective Eric Mullenix nearly 19 months before she was endorsed. Pam Hill had spoken with Detective Mullenix nearly 13 months before she was finally endorsed. Detective Mullenix had interviewed Bobbie Jo Flippo and Roberta Lancaster nearly 8 months prior to their endorsement. It is highly unlikely that the untimely endorsement of so many key witnesses was simply the result of inadvertence.

■ The State contends, however, that appellant was not prejudiced by the late endorsement of witnesses as the names of most of these witnesses appeared on the information in Case No. CRF–89–4717. Thus, the State submits there could have been no surprise. We disagree. The discovery process in CRF–89–4717 was barely underway. The preliminary hearing in CRF–89–4717 was not completed until after appellant was tried in this case. While appellant believed she would eventually proceed to trial in CRF–89–4717, she could not be held responsible for being knowledgeable about each potential witness before the discovery process had scarcely begun.

Furthermore, a review of the record demonstrates surprise occurred. First, defense counsel had never spoken to Pamela Hill, Ronnie Floyd's wife, prior to her testimony at trial. Hill was not endorsed until November 1. Second, defense counsel was surprised by the testimony of Mike Hull, the forensic document examiner. Hull was asked to conduct handwriting comparisons on November 2, just four days before trial. Although defense counsel may have been aware that the analysis was going to take place, the record clearly demonstrates defense counsel had not been advised of the results, nor had he had time to prepare for Hull's testimony. Third, the record reveals that appellant had never seen the phone records introduced through Vida Boyett.[2] Finally, defense counsel had never seen State's Exhibits 61 and 62 which were introduced through the testimony of Georgeann Ardizzone. Ardizzone testified regarding how appellant had been "kiting" letters through the penitentiary between appellant and Omalza. Exhibits 61 and 62 were allegedly two of these letters. Ardizzone was not endorsed until November 1.[3]

■ In *Jackson v. State,* 811 P.2d 614, 616 (Okl.Cr.1991), this Court stated that while "[p]revention of surprise may be important in cases where the witness in question is absolutely unknown to the defendant, ... it is equally important with known witnesses." In the instant case, appellant was surprised by both known and unknown witnesses. While appellant may have known about several of the witnesses, that is not to say she was prepared to confront them. "A defendant in a capital case is entitled to know ahead of time who the witnesses against him at trial will be so that he has the opportunity to plan his trial strategy." *Jackson,* 811 P.2d at 616. Appellant had four days not only to prepare for the late endorsement of twenty-six witnesses, but also to prepare for a trial she had been lead to believe would not occur on that date. Under these circumstances, a continuance was necessary to provide appellant with a sufficient amount of time to prepare for the surprise testimony. *McCollough,* 360 P.2d at 731.

This Court reversed a capital case in *Marquez v. State,* 890 P.2d 980 (Okl.Cr.1995), upon finding the trial court had erred when it failed to grant a continuance. The Court stated that the trial of a death case is not a

---

2. In addition to their late endorsement, Mike Hull and Vida Boyett were not included on the State's list of 83 witnesses which was provided pursuant to Art. 2, § 20 of the Oklahoma Constitution.

3. While arguing to keep these exhibits out of evidence, defense counsel stated that he had not been told of the State's open file policy until just four days before trial. The State did not dispute this assertion.

"game." *Marquez,* 890 P.2d at 983. That is exactly what occurred in this case. The State was playing a game of "cat and mouse." As a result, appellant was inappropriately placed in the position of running day and night in an attempt to prepare for trial. *See McCollough,* 360 P.2d at 731.

In light of the foregoing, the trial court should have granted appellant's repeated requests for a continuance. The Judgment and Sentences are **REVERSED** and the case is **REMANDED** to the District Court for a new trial.

CHAPEL, V.P.J., and LANE and STRUBHAR, JJ., concur.

LUMPKIN, J., concurs in results.